**MANZ CORPORATION v. UNITED STATES.**
No. L-217.

Court of Claims.
Dec. 7, 1931.

H. H. Shinnick, of Washington, D. C. (Edward Clifford and Colladay, Clifford & Pettus, all of Washington, D. C., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

BOOTH, Chief Justice.

The plaintiff is an Illinois corporation and brings this suit to recover an alleged illegal exaction of income and profits taxes for the calendar year 1919. The facts are stipulated and disclose the following situation:

May 12, 1920, plaintiff filed its income and profits tax return for the year 1919 and paid the tax shown thereon. January 5, 1925, plaintiff executed and filed with the commissioner a waiver of the statute of limitations with respect to assessment of income and profits taxes for 1919. This waiver extended the time for the assessment of said taxes to December 31, 1925, containing a provision, however, "that if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days, or (2) if an appeal is filed with said board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said board."

On November 4, 1925, the commissioner mailed the plaintiff a deficiency letter notifying plaintiff of a deficiency in tax for the year 1919 of $11,701.46. December 31, 1925, the plaintiff filed with the Board of Tax Appeals a petition asking for a redetermination of its tax liability for 1919. On June 24, 1926, the commissioner moved the Board of Tax Appeals to issue an order of redetermination showing a deficiency in plaintiff's taxes of $11,701.46 for 1919. Plaintiff by letter dated July 9, 1926, requested permission of the board to withdraw its appeal. However, on July 28, 1926, the board entered its decision redetermining plaintiff's tax liability for 1919 and decided against the plaintiff, sustaining the commissioner, in the amount of $11,701.46.

Plaintiff took no appeal under section 1001 of the Revenue Act of 1926 (26 USCA § 1224).

February 19, 1927, the commissioner assessed a deficiency tax in the above amount against the plaintiff, which was subsequently, on March 4, 1927, paid by the plaintiff, i. e., $11,701.46 additional taxes and $689.74 interest thereon. January 13, 1930, the plaintiff filed with the commissioner a claim for refund of the total amount of additional taxes paid as aforesaid, and interest thereon, predicating its right to a refund upon an allegation that the assessment of said amounts was made after the bar of the statute of limitations had run. May 23, 1930, the commissioner denied the claim.

It is to be noted in the first instance that the waiver executed by the parties on January 5, 1925, had the effect, irrespective of any statutory provision, as conceded in the briefs, of extending the time within which the commissioner might assess a deficiency of tax to fifty-seven days after "the date of final decision by said board." The plaintiff, insisting that the deficiency tax was not assessed until after the expiration of fifty-seven days from the date of the final decision by the board, rests its case upon three propositions:

First. That the date of final decision by said board was July 28, 1926, i. e., the date stated in finding 6; and since this proceeding was instituted before the board under the Revenue Act of 1924, the limitation provided in the waiver controlled the right of the commissioner to assess, and the provision of section 1005 (a) of the Revenue Act of 1926 (26 USCA § 1228 (a) that the decision of the board should become final upon the expiration of six months after the entry thereof, being the time allowed for filing a petition for review, does not apply to this case.

Second. If the date of the final decision by the board was not July 28, 1926, then the date on which it became final was August 27, 1926, i. e., thirty days after the decision under sections 900 (f) of the Revenue Act of 1924 (26 USCA § 1217 note) and 906 (b) and (d) of the Revenue Act of 1924 as amended by section 1000 of the Revenue Act of 1926 (26 USCA § 1217 note); the 1924 act providing that the decision of a

division, unless reviewed by the board within thirty days, should become the final decision and findings of the board, and the 1926 act providing that the report of a division, unless reviewed by the board within thirty days, should become the report of the board.

Third. That in any event the decision by the board was not reviewable.

The waiver is conceded to have had this effect: It would have expired by its terms on December 31, 1925, if the commissioner had not mailed to the plaintiff a deficiency notice. However, the notice of deficiency having been given on November 4, 1925, and an appeal to the Board of Tax Appeals having been taken by the plaintiff, the time limit of expiration was extended beyond December 31, 1925, fifty-seven days, with the added period of time represented by the number of days between the date of the mailing of the deficiency notice and the date of final decision by the board. Therefore it is clear that the vital issue in the case is the date when the decision of the Board of Tax Appeals became *final*. Although an appeal was taken to the Board of Tax Appeals under the Revenue Act of 1924, nevertheless the proceeding was pending before the board and no hearing had been had thereon prior to the passage of the Revenue Act of 1926, approved February 26, 1926; therefore, the pertinent sections of the Revenue Act of 1926 are applicable to the proceedings and actions taken by the board after its passage. Section 283 (a) and (b) of the Revenue Act of 1926, 44 Stat. 63 (26 USCA § 1064 (a, b), is as follows:

"(a) If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any income, war-profits, or excess-profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, the Revenue Act of 1921, or the Revenue Act of 1924, or by any such Act as amended, the Commissioner is authorized to send by registered mail to the person liable for such tax notice of the amount proposed to be assessed, which notice shall, for the purposes of this Act, be considered a notice under subdivision (a) of section 274 of this Act. In the case of any such determination the amount which should be assessed (whether as deficiency or as interest, penalty, or other addition to the tax) shall, except as provided in subdivision (d) of this section, be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same

manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand and the provisions prohibiting claims and suits for refund) as in the case of a deficiency in the tax imposed by this title, except as otherwise provided in section 277 of this Act.

"(b) If before the enactment of this Act any person has appealed to the Board of Tax Appeals under subdivision (a) of section 274 of the Revenue Act of 1924 (if such appeal relates to a tax imposed by Title II of such Act or to so much of an income, war-profits, or excess-profits tax imposed by any of the prior Acts enumerated in subdivision (a) of this section as was not assessed before June 3, 1924), and the appeal is pending before the Board at the time of the enactment of this Act, the Board shall have jurisdiction of the appeal. In all such cases the powers, duties, rights, and privileges of the Commissioner and of the person who has brought the appeal, and the jurisdiction of the Board and of the courts, shall be determined, and the computation of the tax shall be made, in the same manner as provided in subdivision (a) of this section, except as provided in subdivision (j) of this section and except that the person liable for the tax shall not be subject to the provisions of subdivision (d) of section 284."

Subdivision (b) of the foregoing section continues the jurisdiction of the Board of Tax Appeals over proceedings pending when the act of 1926 became effective, and provides that in all such cases the powers, duties, rights, and privileges of the commissioner and of the person who has brought the appeal, and the jurisdiction of the board and of the courts, shall be determined, and the computation of the tax shall be made in the same manner as provided in subdivision (a) quoted above. In other words, in so far as the right of the commissioner to assess and collect a deficiency is concerned, all cases pending before the board which had not been heard and decided upon the passage of the Revenue Act of 1926 were to be governed by the same provisions and limitations as cases arising by the mailing by the commissioner of a deficiency notice after the enactment of the Revenue Act of 1926, and were also to be governed by the same provisions and limitations as in the case of a deficiency in tax imposed by the Revenue Act of 1926. Therefore the deficiency in the plaintiff's tax for 1919 determined by the board was to be assessed and collected

precisely as if the proceeding now challenged by it had originated under the Revenue Act of 1926.

Section 274 (a) of the Revenue Act of 1926 (44 Stat. 55 [26 USCA § 1048]), dealing with deficiency assessments, reads as follows: "(a) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

Obviously, under the above provision, the facts in this case, and the provision of section 1005 (a) of the Revenue Act of 1926 (26 USCA § 1228 (a) providing that the decision of the board shall become final upon the expiration of the time allowed for filing a petition for review, if no such petition is filed, the commissioner was prohibited from proceeding to assess a deficiency tax until the expiration of sixty days from the date of the deficiency notice and until the decision of the board became final. Section 1001, stated as an exception in the above-quoted section with reference to the right of the commissioner to assess, provides in subdivision (c) thereof that the right of review shall not operate as a stay of assessment or collection of any portion of the deficiency determined by the board until a petition for review in respect of such portion is filed by the taxpayer, and then only if the taxpayer on or before the time his petition for review is filed has executed a bond in such sum as the board may fix. Further, section 277 relating to the limitation for assessment and collection of taxes provides, in subdivision (b) thereof (26

USCA § 1057 note), that the running of the statute of limitations provided in this section or section 278 (d) (26 USCA § 1058 et seq. and notes) on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall after the mailing of a notice under subdivision (a) of section 274 be suspended for the period during which the commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court, and for sixty days thereafter. The provisions of the 1926 act with reference to the time for assessment and collection are applicable to this case. But the plaintiff contends that when it and the commissioner consented in writing to a limited waiver of the time within which a deficiency tax might be assessed and collected, decisions of the Board of Tax Appeals were not reviewable by any other agency and such decisions were not final, and that it is apparent therefore that the word "final" as employed in the waiver, and in the understanding of both parties thereto, was employed wholly in an adjective sense. That is, it was intended to be used and it was used as being synonymous with last, ultimate, closed, etc. In Florsheim Bros. Co. v. United States, 280 U. S. 453, 465–468, 50 S. Ct. 215, 219, 74 L. Ed. 542, the court held that the limitation provisions of the Revenue Acts of 1924 and 1926 were applicable, notwithstanding a waiver had been executed prior to their passage fixing a definite date for the expiration of the time for assessment and collection; and upon a contention similar to that here made, the court said that, "Obviously, the Commissioner did not undertake to limit the power of Congress to extend the period of limitations, as consideration for the waivers." See, also, Brown & Sons Lumber Co. v. Burnet, 282 U. S. 283, 51 S. Ct. 140, 75 L. Ed. 343.

Plaintiff further contends that the commissioner could have made a jeopardy assessment; that a final decision by the board, as provided in the waiver, is not the same as a final decision of the board; and, in any event, the decision of the board was not reviewable because it was equivalent to a consent decree and, therefore, the statutory provision that the decision of the board should become final upon the expiration of the time allowed for filing a petition for review did not apply. The record in this case affords no justification for a jeopardy assessment and, even if it did, this court would not inquire into the matter. Wil-

liamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985. As stated above, the provisions of the 1926 act, and not the waiver, govern the right of the commissioner to assess and collect. We need not decide whether the judgment of the board in this case was reviewable. The date on which it became final and the time within which the commissioner might assess and collect were fixed by the statute, and he acted within that time. There is no provision in the statute that requires the commissioner to assess and collect earlier in a case where the board renders a judgment upon a motion by the commissioner for judgment upon the pleadings raising a question of law, or where the parties may stipulate the amount of judgment without trial.

The petition must be dismissed, and it is so ordered.