WOBBER BROTHERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 72343.   Promulgated August 31, 1934.

*F. E. Youngman, Esq.*, for the petitioner.
*J. M. Leinenkugel, Esq.*, and *W. R. Lansford, Esq.*, for the respondent.

OPINION.

ARUNDELL: The first issue requiring consideration is whether assessment and collection are barred by the statute of limitations. The petitioner's return for 1925 was filed on March 15, 1926, and the deficiency notice was mailed March 27, 1933, which was after the expiration of the three-year period provided for in section 277 (a) (1) of the Revenue Act of 1926. Counsel for the respondent relies upon section 501 of the Revenue Act of 1928 as suspending the operation of the statute of limitations. That section, as far as material here, reads as follows:

SEC. 501. AFFILIATED CORPORATIONS—STATUTE OF LIMITATIONS.

(a) Section 240 of the Revenue Act of 1926 is amended by adding at the end thereof a new subdivision to read as follows:

"(h) (1) If a notice under subdivision (a) of section 274 in respect of a deficiency for the taxable year 1922, 1923, 1924, 1925, 1926, or 1927, has been mailed to a corporation, the suspension of the running of the statute of limi-

tations, provided in subdivision (b) of section 277 and in subdivision (1) of section 283, shall apply in the case of corporations with which such corporation made a consolidated return for such taxable year."

Subdivision (b) of section 277 of the Revenue Act of 1926 provides that the running of the statute of limitations shall be suspended after the mailing of a deficiency notice for the period during which the Commissioner is prohibited from making an assessment. Under section 274 (a) the Commissioner is prohibited from assessing " until the decision of the Board has become final," which under section 1005 (a) (1) is upon " expiration of the time allowed for filing a petition for review," and that time under section 1001 (a), as amended by section 1001 of the Revenue Act of 1932, is " within three months after the decision is rendered."

As set out in our findings, the deficiency notices in the prior proceedings were mailed January 30, 1928, and decision was entered November 10, 1932, and became final February 10, 1933. Between the dates of January 30, 1928, and February 10, 1933, a period of more than five years elapsed during which the respondent was prohibited from assessing, and such period, if it can be added to the time when the statute would otherwise have run in petitioner's favor, extends the time well beyond the date of March 27, 1933, when the deficiency notice in this proceeding was mailed. It is our opinion that such period can be added. The situation here seems to fit exactly into the pattern of section 501 (a) of the Revenue Act of 1928. The substance of that provision is that where a deficiency notice has been mailed to a member of a group which filed a consolidated return, the suspension of the statutory period applies to the other members of the group in respect of the years covered by the deficiency notice. In this case two of petitioner's affiliates with which it filed a consolidated return for 1925 were sent deficiency notices for that year. Now the petitioner has received a notice of deficiency for the same year. Section 501 (a) clearly applies to this situation, and we hold that assessment and collection were not barred at the time the deficiency notice was sent to the petitioner.

It is alleged in the petition, and admitted in the respondent's answer, that on January 2, 1925, petitioner received an installment payment of $64,000 on the sale price of the Imperial Theatre property sold to Famous Players-Lasky Corporation. It is further alleged by petitioner and admitted by respondent that on July 1, 1925, petitioner received an installment of $4,120 on the sale price of the Monterey Theatre properties. These amounts respondent has included in income, less a deduction of $6,057.14 for commissions in the Imperial Theatre case, which deduction is not here in dispute.

Petitioner contends, however, that when its stock was issued to the partnership for the sales contracts a gain was recognized to the partnership under the 1921 Act, which gain, when added to the basis in the hands of the partnership, (sec. 204 (a) (8), Revenue Act of 1924) gives the petitioner a basis equal to the full amounts received by it from the contracts, hence there was no income upon receipt of any of the installments.

Respondent's view is that the questions urged by petitioner in the case at bar were considered and disposed of in the prior proceedings hence are *res adjudicata.* We agree with the respondent. Petitioner was a party to the other proceedings reported at 26 B.T.A. 322, in which the respondent determined a deficiency against petitioner for the year 1924 arising out of the receipts from the Imperial and Monterey theatre contracts. There were other issues in those proceedings, but one of the questions presented and decided was the same as that here under consideration. We said in the opinion (p. 327) that petitioners " contend that any profit from the sale was realized by the partnership and that the corporation has sold nothing from which profit could be realized." We then proceeded to consider the application of the same sections of the various statutes which are cited by the petitioner in this proceeding and reached the conclusion that the receipt of installment payments under the contracts resulted in income. We furthermore specifically held that the $64,000 received by petitioner in 1925 under the Imperial Theatre contract should be included in income for that year. The respondent had determined that that installment had been received in 1924 and had included it in income for that year. We found from the evidence that it was received in 1925, and upon respondent's amendment of his answer asserting an increased deficiency for 1925 by reason of the receipt in that year, we held that that amount should be included in group income for that year.

Thus the matters presented here appear to have been presented, considered, and decided in the earlier proceedings and under the authorities they are *res adjudicata. Tait* v. *Western Maryland Ry. Co.,* 289 U.S. 620; *Mary Haller,* 26 B.T.A. 395; *Charles P. Leininger,* 29 B.T.A. 874; *Portage Silica Co.,* 29 B.T.A. 881. The argument that the doctrine of *res adjudicata* should be applied only where an appeal has been taken from the prior decision is without merit. " * * * A judgment of a court in a matter within its jurisdiction, however erroneous, is final and conclusive if not appealed from." *Fisher* v. *Browning,* 107 Miss. 729; 66 So. 132, 136.

*Decision will be entered under Rule 50.*