JOHN MCCLAMMA AND CATHERINE MCCLAMMA, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5568–80.    Filed May 12, 1981.

*Carolyn A. Boyer* and *Katherine S. Weed*, for the respondent.

OPINION

DAWSON, *Judge*: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss for lack of jurisdiction.

After a review of the record, we agree with and adopt his opinion which is set forth below.[1]

OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge*: This case is presently before the Court on respondent's motion to dismiss for lack of jurisdiction as to petitioner John McClamma (John) filed on January 14, 1981.[2]

Respondent, in his notices of deficiency issued to petitioners on February 15, 1980, has determined a deficiency of $1,572.50 in petitioners' 1977 Federal income tax and an addition to the tax under section 6653(a)[3] of $78.63. Duplicate original notices were mailed addressed as follows:

> Mr. John H. McClamma
> Mrs. Catherine D. McClamma
> 114 Marcie Dr.
> Long Beach, MS 39560

> Mr. John H. McClamma
> Mrs. Catherine D. McClamma
> Green Acres Apts., Apt. 1
> Long Beach, MS 39560

On the date the joint petition herein was filed, John resided at Green Acres, Apartment 1, Long Beach, Miss. 39560, and Catherine McClamma resided at 637 South Andrews Avenue, Fort Lauderdale, Fla. 33301. They filed a joint Federal income tax return for the taxable year 1977 with the Internal Revenue Service.

The procedural sequence of events resulting in this case began on February 15, 1980, the date on which respondent mailed his notices of deficiency to petitioners. John, on March 3, 1980, filed

---

[1]Since this is a preliminary jurisdictional motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.

[2]Our research has disclosed no reported opinion by any court respecting the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. sec. 101 et seq., and the Bankruptcy Tax Act of 1980, Pub. L.96-589, 94 Stat. 3389, 26 U.S.C. sec. 1 et seq., herein under consideration, and no such opinion has been cited to us by the parties.

[3]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

a petition with the U.S. Bankruptcy Court for the Southern District of Mississippi under chapter 7, 11 U.S.C. Thereafter, a joint petition was filed in this Court on April 18, 1980. The petition was blank except for the caption and signatures. On June 2, 1980, the Court ordered petitioners to file a proper amended petition in accordance with Rule 34(b), Tax Court Rules of Practice and Procedure, on or before July 3, 1980. On July 2, 1980, the Court received notice that a petition in bankruptcy had been filed and, thus, on July 14, 1980, pursuant to the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. sec. 362(a)(8), we ordered a stay of the proceedings in this Court. The Court also directed that the parties file a report on January 14, 1981. On that date, respondent filed a report and his motion to dismiss for lack of jurisdiction as to John. Petitioners have not responded to respondent's motion by written statement, nor did they appear at the hearing on the motion held at Washington, D.C., on February 18, 1981.[4]

Respondent's position is that the petition filed herein, insofar as it applies to John, was filed in violation of the automatic stay provisions of section 362(a)(8) of the Bankruptcy Code, 11 U.S.C. sec. 362(a)(8). We agree.

This case is governed by the provisions of the Bankruptcy Code, Pub. L. 95–598, 92 Stat. 2549, 11 U.S.C. sec. 101 et seq., enacted on November 6, 1978, effective to bankruptcy cases commenced after October 1, 1979, and the amendments made to the Internal Revenue Code by the Bankruptcy Tax Act of 1980, Pub. L. 96–589, 94 Stat. 3389, 26 U.S.C. sec. 1 et seq., enacted December 24, 1980, whose procedural provisions are effective October 1, 1979.[5]

Formerly, section 6871(b) prohibited the filing of a petition in this Court once a petition had been filed in bankruptcy.[6] This

---

[4]We observe that petitioners, while served by the Court with every document filed by respondent and all of the Court's orders, have responded to none of them.

[5]See S. Rept. 96–1035, 96th Cong., 2d Sess. 53 (1980).

[6]The bar is now limited to cases where a receiver has been appointed. Sec. 6871(c)(2). Compare *Tatum v. Commissioner*, 69 T.C. 81 (1977), affd. 612 F.2d 193 (5th Cir. 1980), which involved circumstances similar to those in this case under the Bankruptcy Act, 11 U.S.C. There, respondent sent a notice of deficiency and 1 month later petitioners filed a petition under ch. XI of the Bankruptcy Act with the bankruptcy court. While that petition was pending, petitioners filed a petition in this Court 90 days after the notice of deficiency had been sent. This Court relied on sec. 6871(b) for its holding that we lacked jurisdiction.

provision has been deleted by the Bankruptcy Tax Act of 1980, Pub. L. 96–589, 94 Stat. 3389, 26 U.S.C. sec. 6(g), so that the Internal Revenue Code will conform to provisions of the Bankruptcy Code, 11 U.S.C. sec. 362(a).[7] Section 362(a)(8) of title 11 provides for an automatic stay of "the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor." This provision essentially prohibits a debtor-taxpayer from filing a petition in this Court during the imposition of the stay, which remains in effect until the bankruptcy proceedings are terminated or until the bankruptcy judge chooses to lift the stay.[8]

Thus, the petition in this Court filed with respect to John was filed in violation of the automatic stay provisions and is invalid. The joint statement by Senator De Concini and Congressman Edwards makes it perfectly clear: "If the Internal Revenue Service had issued a deficiency notice to the debtor before the bankruptcy case began, but as of the filing of the bankruptcy petition the 90-day period for filing in the Tax Court was still running, the debtor would be automatically stayed from filing a petition in the Tax Court." 124 Cong. Rec. S17427 (1978); 124 Cong. Rec. H11111 (1978).

As to the time John had to file a new petition in this Court, respondent argues that the unexpired portion of the 90-day period provided under section 6213(a) is added to the 60 days provided by section 6213(f).[9] Since the 90-day period was stayed by the filing of a bankruptcy petition after having run 17 days, 73 days plus the 60 days allowed after the automatic stay was lifted yields 133 days. We agree with respondent that John had

---

[7]S. Rept. 96–1035, *supra* at 48.

[8]See 11 U.S.C. sec. 362(c) and (d).

[9]Sec. 6213(f), as enacted by the Bankruptcy Tax Act of 1980, Pub. L. 96–589, 94 Stat. 3389, 26 U.S.C. sec. 1 et seq., provides:

(f) COORDINATION WITH TITLE 11.—

(1) SUSPENSION OF RUNNING OF PERIOD FOR FILING PETITION IN TITLE 11 CASES.—In any case under title 11 of the United States Code, the running of time prescribed by subsection (a) for filing a petition in the Tax Court with respect to any deficiency shall be suspended for the period during which the debtor is prohibited by reason of such case from filing a petition in the Tax Court with respect to such deficiency, and for 60 days thereafter.

(2) CERTAIN ACTION NOT TAKEN INTO ACCOUNT.—For purposes of the second and third sentences of subsection (a), the filing of a proof of claim or request for payment (or the taking of any other action) in a case under title 11 of the United States Code shall not be treated as action prohibited by such second sentence.

until January 30, 1981[10] (133 days from the date of discharge in bankruptcy, Sept. 19, 1980), to file a new petition in this Court to contest his Federal income tax liability for 1977.

Section 6213(f) provides that the running of time for filing a petition in this Court *shall be suspended* for a period during which the debtor is prohibited from filing a petition in this Court and for 60 days thereafter.[11] The time for John to file a petition in this Court was suspended during the pendency of the bankruptcy case which ended with his discharge on September 19, 1980. This Court and other courts have similarly tacked unexpired periods of limitations that have been stayed or suspended. See, e.g., *Wobber Brothers v. Commissioner*, 31 B.T.A. 133 (1934); *Manz Corp. v. United States*, 74 Ct. Cl. 5, 54 F.2d 177 (1931); *United States v. Markovitz*, 34 F. Supp. 827 (N.D. Cal. 1940); *Ramirez v. United States*, 210 Ct. Cl. 537, 538 F.2d 888 (1976), cert. denied 429 U.S. 1024 (1976).

Finally, we must discuss the impact of the automatic stay with respect to Catherine McClamma, who did not file a petition in bankruptcy. We agree with respondent that the original petition was properly and validly filed with respect to Catherine McClamma. The institution of bankruptcy proceedings by one joint petitioner has no effect on the validity of the petition filed on behalf of a nonbankrupt petitioner. In *Baron v. Commissioner*, 71 T.C. 1028 (1979), we held that the dismissal for lack of jurisdiction over John Baron who had been adjudicated a bankrupt did not affect the Court's jurisdiction over his wife who was not involved in the bankruptcy proceeding. There, as here, the wife was a separate taxpayer who had received notice that respondent had determined a deficiency in her taxes as well.

Respondent's motion to dismiss for lack of jurisdiction will be granted as to petitioner John McClamma.

*An appropriate order will be issued.*

---

[10]Respondent assured us on oral argument that John was notified before Jan. 30, 1981, of respondent's position and that he should file a new petition on or before that date. John advised that he did not intend to file such petition, and a search of the Court's records, as of Mar. 30, 1981, discloses that no such petition has been filed.

[11]S. Rept. 96–1035, *supra* at 50.