EVER CLEAN SERVICES, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ever Clean Servs. v. Commissioner
Docket No. 4838-80.
United States Tax Court
T.C. Memo 1982-726; 1982 Tax Ct. Memo LEXIS 18; 45 T.C.M. (CCH) 349; T.C.M. (RIA) 82726; December 20, 1982. Thomas J. Freedman, for the petitioner. Charles W. Maurer, Jr., for the respordent. RAUM
MEMORANDUM OPINION RAUM, Judge: This case is before us on the Government's motion to dismiss for lack of jurisdiction. The sole contention upon which the motion is based is that the petition filed herein is invalid, because at the time of filing there was in effect an automatic stay of the commencement of a proceeding before this Court by the petitioner, as a result of the petitioner's prior filing of a petition in the United States Bankruptcy Court *19 under 11 U.S.C. section 301 for reorganization under 11 U.S.C. ch. 11. The facts relevant to the motion have been stipulated. The petitioner, Ever Clean Services, Inc., is a Massachusetts corporation with its principal place of business in Everett, Mass. On March 21, 1980, petitioner filed a petition for reorganization pursuant to 11 U.S.C. ch. 11. On March 25, 1980, the Commissioner issued a statutory notice of deficiency to petitioner, determining a $4,988 deficiency in petitioner's Federal income tax for the taxable year ended February 28, 1977, and on April 4, 1980, petitioner filed a petition in this Court seeking a redetermination of that deficiency. On October 6, 1980, petitioner filed a Plan of Arrangement in the reorganization proceeding, which was confirmed by order of the Bankruptcy Court on May 11, 1981. Prior to that time, on March 30, 1981, the Government filed an amended Proof of Claim for Internal Revenue Taxes in the reorganization proceeding, which included the deficiency determined for the taxable year ended February 28, 1977. Petitioner and the Government thereafter executed a Stipulation for *20 payment of Federal Taxes, which also covered this same deficiency. Finally, the reorganization proceeding was closed by order of the Bankruptcy Court dated August 2, 1982. The Government contends that the filing of the petition for reorganization under 11 U.S.C. ch. 11 on March 21, 1980, automatically operated as a stay of the commencement of a proceeding before this Court, and that the stay was still in effect on April 4, 1980, when the petition was filed herein for redetermination of the tax deficiency for the taxable year ended February 28, 1977. Accordingly, the petition is said to be invalid, with the result that there is missing a prerequisite for our jurisdiction in this case. Citing McClamma v. Commissioner,76 T.C. 754 (1981), the Government contends that this proceeding should therefore be dismissed for lack of jurisdiction. We agree. The precise issue presented here was addressed in McClamma v. Commissioner, and following our holding therein, the Government's motion will be granted. [1]
*21 The law relating to bankruptcy was codified and enacted as Title 11 of the United States Code, entitled "Bankruptcy", on November 6, 1978, by Pub. L. 95-598, 92 Stat. 2549, with its provisions generally effective on October 1, 1979. See 92 Stat. 2682. In respect of the matter at issue here, 11 U.S.C. section 362(a), entitled "Automatic stay", provides that the filing of a petition under that title "operates as a stay, applicable to all entities, of * * * (8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor". [2] Thus, without any requirement of action by the Bankruptcy Court, the filing of the petition under Title 11 on March 21, 1980, automatically precluded the petitioner from commencing an action in this Court. Nonetheless, petitioner sought to do precisely that by filing, on April 4, 1980, a petition herein for redetermination of the deficiency for the taxable year ended February 28, 1977. This petition was filed in plain violation of the stay, which was still in effect on April 4, 1980. [3]
*22 In McClamma v. Commissioner,supra, this Court held that the filing of a petition for redetermination of a deficiency while there was in effect an automatic stay under 11 U.S.C. section 362(a) in respect of the petitioner rendered the petition "invalid". 76 T.C. at 757. Despite this holding, and without requesting that we reconsider it, petitioner seeks to have the invalidity somehow removed in view of the circumstance that the reorganization proceeding under Title 11 has now been closed. In essence, petitioner asks us to "reinstate" the petition, giving effect to the automatic stay only as a deferment of filing for the period of the reorganization proceeding. This we cannot do. To treat the petition in this manner would to a certain extent countenance an action taken in violation of an express prohibition of a Federal statute. We instead consider the petition as invalid from the moment of filing, and not thereafter susceptible to resurrection. Accordingly, there is absent here a valid petition, which is one of the perequisites for our jurisdiction, see Rule 13(c), Tax Court Rules of Practice and Procedure; cf. Vitale v. Commissioner,59 T.C. 246, 247 (1972); *23 Stewart v. Commissioner,55 T.C. 238, 240 (1970), affd. per curiam (9th Cir., Aug. 10, 1972). The Government's motion to dismiss will therefore be granted, and An order will be entered dismissing the case for lack of jurisdiction.
Footnotes
1. The cases cited by petitioner, e.g., Pastore v. Commissioner,78 T.C. 759 (1982), are not applicable here, because the statutory provision under which they were decided, the former sec. 6871(b), I.R.C. 1954↩, was amended and the relevant portion thereof was deleted from the statute by the Bankruptcy Tax Act of 1980, 94 Stat. 3389, 3409. This amendment was effective October 1, 1979, and applicable to any proceeding commenced on that date or thereafter, see 94 Stat. 3412, which would of course include the instant case.
2. We note that 11 U.S.C. sec. 362(b)(8) explicitly provides that the filing of a petition does not↩ operate as a stay of "the issuance to the debtor by a governmental unit of a notice of tax deficiency". Thus, the issuance of the deficiency notice in this case some four days after the filing of the petition for reorganization does not call into question the validity of that notice. 3. 11 U.S.C. sec. 362 does include provisions for discontinuance of the stay and relief from the stay: SEC. 362. Automatic stay (c) Except as provided in subsections (d), (e), and (f) of this section-- (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and (2) the stay of any other act under subsection (a) of this section continues until the earliest of-- (A) the time the case is closed; (B) the time the case is dismissed; and (C) if the case is a case under chapter 7 of this title [11 USCS §§ 701 et seq.] concerning an individual or a case under chapter 9, 11, or 13 of this title [11 USCS §§ 901 et seq., 1101 et seq., or 1301 et seq.], the time a discharge is granted or denied. (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) with respect to a stay of an act against property, if-- (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization. However, our examination of the record discloses no evidence of a request by any party to the reorganization proceeding for relief from the stay under sec. 362(d), and it is clear that the proceedings did not reach a stage that would trigger a termination of the stay under sec. 362(c)↩ until at least some time in 1981 when the Plan of Arrangement was confirmed by order of the Bankruptcy Court. We note that petitioner has not raised any argument that the stay was not in effect on April 4, 1980.