CHARLOTTE A. ASH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ash v. Commissioner
Docket No. 289-89
United States Tax Court
T.C. Memo 1989-367; 1989 Tax Ct. Memo LEXIS 366; 57 T.C.M. (CCH) 1056; T.C.M. (RIA) 89367; July 25, 1989
*366 On Nov. 10, 1988, R mailed notices of deficiency to P for the years 1985 and 1986. On Dec. 6, 1988, P filed a voluntary petition with the Bankruptcy Court under the Bankruptcy Code Ch. 13, 11 U.S.C. On Feb. 8, 1989, while the bankruptcy proceeding was pending, P timely filed a petition with this Court within 90 days from the date of mailing of the notices of deficiency. Held, since bankruptcy proceeding was pending on date Tax Court petition was filed, 11 U.S.C. sec. 362(a)(8) (1982) precludes P from commencing a proceeding in the Tax Court. McClamma v. Commissioner, 76 T.C. 754 (1981), followed. Held further, petition is dismissed for lack of jurisdiction. Held further, amount of time in which P may file a valid petition in the Tax Court computed. Sec. 6213(a) and (f), I.R.C. 1954; 11 U.S.C. sec. 362(c) and (d) (1982). Charlotte A. Ash, pro se. Terri A. Merriam, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443(b)(3) [1] and Rule 180 et seq., Tax Court Rules of Practice and Procedure. Respondent's Motions "to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted" and "for Damages Under I.R.C. Section 6673 *368 ," were filed on April 18, 1989 and calendared for hearing at the Washington, D.C. Motions Session on June 21, 1989. In addition, petitioner, on June 9, 1989, filed a "Motion to Change Place of Hearing" (to Seattle, Washington). For the reasons set forth hereinafter, the case was stricken from the aforesaid calendar by Court Order dated June 20, 1989. On November 10, 1988, respondent mailed notices of deficiency to petitioner determining therein deficiencies in Federal income tax and additions to the tax for the taxable calendar years 1985 and 1986. Petitioner timely mailed her petition to the Court by certified mail on February 8, 1989. The petition was filed on February 13, 1989, on which date petitioner resided in Fircrest, Washington. See secs. 6213(a), 7502(a) and 7482(b)(1)(A). On June 19, 1989 petitioner filed a "Notice of Proceedings in Bankruptcy," a copy of which she served on respondent's trial counsel on June 15, 1989. Attached to her notice is a "Case Cover Sheet" indicating that she and her husband (who is not *369 a party herein) had filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the Western District of Washington, Tacoma Division (hereinafter sometimes called Bankruptcy Court), in December 1988. A jurisdictional specter being raised for the first time, the Court contacted the Bankruptcy Court and was advised that Charlotte A. Ash and Dana C. Ash (Mr. Ash) had filed a voluntary petition in bankruptcy in that Court on December 6, 1988; that the case number thereof is 88-34642T; that the Bankruptcy Court issued an order on April 3, 1989 confirming a Chapter 13 plan; that the Internal Revenue Service had filed a proof of claim and an amended proof of claim in that proceeding on June 6, 1989; and that the case is still pending in the Bankruptcy Court as of June 19, 1989. With the foregoing Bankruptcy Court information in hand, the Court advised the parties that it was raising the jurisdictional issue on its own motion and had no alternative but to dismiss this case for lack of jurisdiction. "We have jurisdiction to determine if we have jurisdiction at any time, be it before or after final decision is entered." Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111-112 (1978). *370 "[Q]uestions of jurisdiction which go to the root of all subsequent action * * * and should be disposed of at the threshold * * * must be dealt with by the Tax Court, like other tribunals, on its own motion even if not raised by either party." Midland Mortgage Co. v. Commissioner, 73 T.C. 902, 905 (1980); National Committee to Secure Justice, Etc. v. Commissioner, 27 T.C. 837, 839 (1957). It is clear that this proceeding is affected by the provisions of the Bankruptcy Code, which was codified and enacted as title 11 of the United States Code on November 6, 1978, by Pub. L. 95-598, 92 Stat. 2549, and the amendments made to the Internal Revenue Code by the Bankruptcy Tax Act of 1980, Pub. L. 96-589, 94 Stat. 3389 et seq., which was enacted on December 24, 1980. Both the Bankruptcy Code and the Bankruptcy Tax Act of 1980 are effective for bankruptcy cases commenced after October 1, 1979. Section 362(a)(8) of title 11 provides for an automatic stay of "the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor." (Emphasis added.) This provision essentially prohibits a debtor-taxpayer from filing *371 a petition in this Court during the imposition of the stay. For an individual taxpayer the automatic stay remains in effect until the bankruptcy proceedings are terminated or until the bankruptcy judge chooses to lift the stay. 11 U.S.C. sec. 362(c) and (d) (1982). Thus, the petition filed herein was filed in violation of the automatic stay provisions and is invalid. The joint statement by Senator DeConcini and Congressman Edwards makes this perfectly clear: "if the Internal Revenue Service had issued a deficiency notice to the debtor before the bankruptcy case began, but as of the filing of the bankruptcy petition the 90-day period for filing in the Tax Court was still running, the debtor would be automatically stayed from filing a petition in the Tax Court." 124 Cong. Rec. S17427 (1978); 124 Cong. Rec. H11111 (1978). The deficiency notices here were issued before the bankruptcy case was instituted at which time the 90-day period for filing a petition in the Tax Court was still running. Accordingly, petitioner was automatically stayed from commencing a proceeding in this Court on February 13, 1989 and this case must be dismissed. McClamma v. Commissioner, 76 T.C. 754 (1981); *372 Ever Clean Services, Inc. v. Commissioner, T.C. Memo. 1982-726. In order to invoke this Court's jurisdiction to contest her Federal income tax liability for 1985 and 1986 petitioner must file a new petition. Section 6213(f), as enacted by the Bankruptcy Tax Act of 1980, Pub. L. 96-589, supra, provides: (f) Coordination With Title 11. -- (1) Suspension of running of period for filing petition in title 11 cases. -- In any case under title 11 of the United States Code, the running of time prescribed by subsection (a) for filing a petition in the Tax Court with respect to any deficiency shall be suspended for the period during which the debtor is prohibited by reason of such case from filing a petition in the Tax Court with respect to such deficiency, and for 60 days thereafter. (2) Certain action not taken into account. -- For purposes of the second and third sentences of subsection (a), the filing of a proof of claim or request for payment (or the taking of any other action) in a case under title 11 of the United States Code shall not be treated as action prohibited by such second sentence. Hence, the unexpired portion of the 90-day period provided under *373 section 6213(a) is added to the 60 days provided by section 6213(f). Since the 90-day period was stayed by the filing of a bankruptcy petition after having run 26 days, 64 days plus the 60 days yields 124 days. McClamma v. Commissioner, supra at 757-758. See and compare Thompson v. Commissioner, 84 T.C. 645, 648-649 (1985). However, here, the bankruptcy proceeding is still pending. Therefore, the 124-day period for filing a petition with this Court will not commence to run until the earliest of the time the case is closed by the Bankruptcy Court, the time the case is dismissed by the Bankruptcy Court or, if the case is under chapter 13 of Title 11, the time a discharge is granted or denied by the Bankruptcy Court, or until the bankruptcy judge chooses to lift the stay. 11 U.S.C. sec. 362(c) and (d) (1982). On the Court's own motion, this case will be dismissed for lack of jurisdiction. An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩