J & S CARBURETOR COMPANY, REDFISH BAY TERMINAL, INC., BQP INDUSTRIES, INC., SOUTHLAND TECHNOLOGY, INC., SYNFUEL SYSTEMS, INC., AND SYNFUEL INDUSTRIES, INC., PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 41003-85.        Filed August 3, 1989.

*Robert I. White, Shelley Cashion,* and *Ruth E. Salek,* for the petitioners.

*Deborah A. Butler, Rebecca W. Wolfe,* and *Paula M. Jung,* for the respondent.

## OPINION

JACOBS, *Judge:* This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. The issue presented is whether subsidiaries in an affiliated group of corporations filing a consolidated tax return can invoke the Court's jurisdiction by filing a petition while the common parent corporation has a bankruptcy petition pending and is stayed from commencing an action in this Court by virtue of 11 U.S.C. 362(a)(8) (1982). [1] All of the facts have been stipulated for purposes of deciding this motion and are so found.

For the fiscal years ending April 30, 1979, 1980, and 1981, Sutton Investments, Inc. (Sutton Investments) and its nine wholly-owned subsidiaries filed consolidated corporate income tax returns.

Petitions for bankruptcy were filed on behalf of Sutton Investments and three of its subsidiaries, BPM, Ltd., Modern Marine Power, Inc. (Modern Marine), and Industrial Manufacturing Co. of Texas (Industrial Manufacturing) on April 25, 1984, July 11, 1983, May 9, 1983, and January 10, 1985, respectively. Petitioners are the remaining subsidiaries which did not file bankruptcy petitions (nonbankrupt subsidiaries).

On August 9, 1985, respondent issued a statutory notice of deficiency to "Sutton Investments, Inc. and Subsidiary

---

[1] 11 U.S.C. 362(a)(8) (1982) provides in relevant part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title * * * operates as a stay, applicable to all entities, of

\* \* \* \* \* \* \*

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

[sic]" with respect to the taxable years ending April 30, 1979, 1980, and 1981. On November 12, 1985, the nonbankrupt subsidiaries, as well as Modern Marine and Industrial Manufacturing, filed a petition with respect to the August 9, 1985, notice of deficiency. Neither Sutton Investments nor BPM, Ltd. joined in the petition. On December 24, 1985, respondent filed a motion to dismiss petitioners Modern Marine and Industrial Manufacturing for lack of jurisdiction; the motion was granted on June 27, 1986. On November 29, 1988, respondent moved to dismiss the petition of the nonbankrupt subsidiaries for lack of jurisdiction.

Pursuant to section 362(a)(8) of the Bankruptcy Code a petition for bankruptcy stays "the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor." Thus, Sutton Investments is prohibited from challenging respondent's determinations in the notice of deficiency in this Court until the bankruptcy proceedings are terminated or until the bankruptcy judge chooses to lift the stay. 11 U.S.C. secs. 362(c) and (d) (1982).

The consolidated return regulations, promulgated under the authority of section 1502[2], are legislative in character. Central to the provisions of the consolidated return regulations is the common parent's role as exclusive agent for the affiliated group with respect to all procedural matters. *Southern Pacific Transportation Co. v. Commissioner,* 84 T.C. 395, 401 (1985).

Section 1.1502-77(a), Income Tax Regs., provides:

The common parent, for all purposes * * * shall be the sole agent for each subsidiary in the group, duly authorized to act in its own name in all matters relating to the tax liability for the consolidated return year. * * * [N]o subsidiary shall have authority to act for or to represent itself in any such matter. * * * [T]he common parent will file petitions and conduct proceedings before the Tax Court of the United States, and any such petition shall be considered as also having been filed by each such subsidiary. * * *

Each member of the affiliated group (e.g., the common parent and each subsidiary) is severally liable for the entire

---

[2]Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as amended.

amount of any tax deficiency determined for the consolidated return. Sec. 1.1502-6(a), Income Tax Regs.

Respondent contends that pursuant to the consolidated return regulations the nonbankrupt subsidiaries lack authority to file a petition and conduct a proceeding before this Court. Petitioners contend that the nonbankrupt subsidiaries should not be deprived of a chance of "pre-payment review of the notice of deficiency simply because the parent is legally incapable of acting on behalf of its subsidiaries" and that therefore, we should create an exception to the sole agency rule contained in section 1.1502-77(a), Income Tax Regs., when the common parent is in bankruptcy.

Being legislative in character, the consolidated return regulations are entitled to great weight. Section 1.1502-77(a), Income Tax Regs., makes no mention of the bankruptcy of the common parent corporation. In contrast, in the context of the partnership audit and litigation procedures, the applicable regulations require the selection of a successor tax matters partner in the event the tax matters partner files for bankruptcy. Secs. 301.6231(a)(7)-1T and 301.6231(c)-7(T), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987).

Having elected the benefits associated with filing a consolidated return, petitioners are subject to the attendant burdens.[3] We, therefore, decline petitioners' invitation to create an exception to the longstanding sole agency rule. Creation of such an exception properly rests within the province of the legislature or regulation writing authorities rather than this Court. As Sutton Investments, the common parent, is vested with exclusive authority to file a petition in this Court on behalf of the affiliated group, and since it is precluded from doing so by virtue of its pending bankruptcy, we lack jurisdiction to determine the tax liability of the affiliated group, as well as the tax liability of each member thereof.

Petitioners cite *McClamma v. Commissioner*, 76 T.C. 754 (1981), to support their position that they should be permitted to file a petition when their common parent is in bankruptcy. In *McClamma*, the taxpayers, husband and

---

[3] We need not decide whether one of these burdens is the loss of a prepayment forum. See secs. 6213(f) and 6503(a).

wife, filed a joint petition challenging respondent's notice of deficiency. However, prior to filing their joint petition, husband-taxpayer individually filed for bankruptcy. We therein concluded that the filing for bankruptcy automatically stayed the petition of the husband-taxpayer but not the wife-taxpayer since she was not in bankruptcy, and the husband's bankruptcy had no effect on the validity of her petition. *McClamma v. Commisioner,* 76 T.C. at 758. *McClamma* involved the tax liability of individual taxpayers and thus is distinguishable from the instant case which involves the consolidated corporate income tax liability of an affiliated group and the sole agency rule under section 1.1502-77(a), Income Tax Regs. Moreover, our decision in *McClamma* was premised on our conclusion in *Baron v. Commissioner,* 71 T.C. 1028 (1979) that a husband and wife filing joint returns are to be treated as separate taxpayers rather than as a single taxpaying entity. *McClamma v. Commissioner,* 76 T.C. at 758. Here, it is appropriate to treat the affiliated group as a single taxpaying entity.

Although not determinative, we note that our disposition of respondent's motion avoids an anomalous result. Here, neither the Government nor any of the corporations in bankruptcy requested the bankruptcy court to lift the stay. Thus, if we were to deny respondent's motion, this Court and the bankruptcy court (exercising its jurisdiction to decide tax issues under 11 U.S.C. section 505 (1982)) each might proceed to decide the consolidated corporate tax liability issue, a result contrary to the exercise of judicial economy and consistency.

To reflect the foregoing,

*An appropriate order granting respondent's motion to dismiss will be entered.*