GEORGE W. KIMMERLING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kimmerling v. Commissioner
Docket No. 11042-88
United States Tax Court
T.C. Memo 1989-501; 1989 Tax Ct. Memo LEXIS 504; 58 T.C.M. (CCH) 138; T.C.M. (RIA) 89501; September 13, 1989
George W. Kimmerling, pro se. Daniel Morman, for the respondent. WELLS
MEMORANDUM OPINION WELLS, Judge: This case is before us on petitioner's motion to dismiss for lack of jurisdiction. On August 18, 1983, petitioner and his wife (the "Kimmerlings") filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code, codified and enacted as title 11 of the United States Code on November 6, 1978, by Pub. L. 95-598, 92 Stat. 2549. The Kimmerlings' petition was filed in the United States Bankruptcy Court for the District *505 of New Jersey (the "Bankruptcy Court"), and their case was assigned docket number 83-04836. The Kimmerlings' wage earner plan under Chapter 13 was confirmed by the Bankruptcy Court on June 26, 1985. After the plan was completed by the Kimmerlings, the trustee in bankruptcy filed his final report on January 14, 1987. The Kimmerlings received a discharge on February 9, 1987, and the automatic stay was lifted by operation of law. See 11 U.S.C. sections 372(a)(8) and 362(c)(2)(C). On March 3, 1988, after petitioner received his discharge in bankruptcy and after the automatic stay was lifted, respondent mailed a notice of deficiency to petitioner. In that notice, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1984 in the amount of $ 6,441. The notice also determined the following additions to tax for petitioner's 1984 taxable year: a section 6651(a)(1) addition in the amount of $ 1,610.25; a section 6653(a)(1) addition in the amount of $ 322.05; and a section 6661 addition in the amount of $ 1,610.25. Subsequently, on May 20, 1988, petitioner filed a petition in this Court. On or about June 10, 1988, subsequent *506 to the filing of the petition in this Court, petitioner moved to reopen his bankruptcy case. By order dated August 19, 1988, the Bankruptcy Court reopened the Kimmerlings' bankruptcy case. Respondent states in his response to petitioner's motion that the government attorneys involved in the Kimmerlings' reopened bankruptcy case were not advised during such proceeding that petitioner had filed a Tax Court petition with respect to the taxable year 1984. After negotiations between these government bankruptcy attorneys and the Kimmerlings' bankruptcy counsel, the parties agreed to the entry of a consent order which was filed in the Bankruptcy Court. The order, dated October 19, 1988, states only that, as of such date, "the [Kimmerlings] have no outstanding tax liabilities for the taxable year 1984." Upon the filing of the consent order, the Bankruptcy Court closed the Kimmerlings' case. Petitioner contends that the consent order in the Bankruptcy Court resolves the issue of petitioner's tax liability for the taxable year 1984 and therefore this Court should dismiss his petition because it lacks jurisdiction to consider the issue. Petitioner submits an affidavit of Carroll D. Lansdell, *507 an attorney in the Office of the District Counsel, Newark, New Jersey, that states in part: 3. On October 21, 1985, the debtors filed their federal income tax return for the taxable year 1984. The return indicated a tax liability of $ 4,204.00. No payment accompanied the return at the time of its filing. 4. On January 6, 1986, an estimated tax penalty, a failure to pay tax penalty and interest were assessed against the debtors' 1984 tax liabilities in the amounts of $ 264.32, $ 189.18 and $ 369.08, respectively. 5. On February 26, 1986, an examination of the debtors' 1984 income tax liabilities was commenced by the examination division. 6. On July 28, 1986, payment was received on account of the debtors' 1984 tax liabilities in the amount of $ 3,000.00. 7. On March 9, 1988, payment was received on account of the debtors' 1984 tax liabilities in the amount of $ 2,980.86. This payment satisfied all outstanding tax liabilities, including additional accrued penalties and interest, for the taxable year 1984. 8. On June 27, 1988, the examination of the debtors' 1984 income tax liabilities was concluded. The examination division determined that no additional tax or deficiency *508 was warranted. Respondent states that the Special Assistant United States Attorney who signed the consent order on behalf of the government insisted upon inserting the word "outstanding" in the consent order so as not to preclude an assessment of additional tax at a later date with respect to petitioner's account for 1984. Respondent argues that such action by the government's attorney is consistent with the wording of the Carroll Lansdell affidavit because paragraph 7 of the affidavit states that all outstanding tax liabilities for petitioner's 1984 taxable year were paid in full as of March 9, 1988. Respondent contends that the consent order only intended to refer to assessed liabilities as of October 19, 1988, not unassessed determinations pending before the Tax Court. Respondent argues that the statement in the Lansdell affidavit that no additional deficiency was warranted was obviously in error because petitioner's 1984 taxable year was pending before this Court at the time. Respondent argues that the affidavit indicates that Caroll Lansdell was unaware of the pending Tax Court petition at the time the consent order was entered into. Respondent contends that *509 this Court has jurisdiction over petitioner's 1984 taxable year because the petition was filed after the automatic stay was lifted in the Bankruptcy Court. It is well settled that we have jurisdiction to decide if we have jurisdiction at any time, whether our deliberation is before or after a final decision is entered. Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111-112 (1978). "[Q]uestions of jurisdiction which go to the root of all subsequent action * * * and should be disposed of at the threshold * * * must be dealt with by the Tax Court, like other tribunals, on its own motion even if not raised by either party." Midland Mortgage Co. v. Commissioner , 73 T.C. 902, 905 (1980); National Committee to Secure Justice, Etc. v. Commissioner, 27 T.C. 837, 839 (1957). Section 362(a)(8) of title 11 provides for an automatic stay of "the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor." For an individual taxpayer, the automatic stay remains in effect until the bankruptcy proceedings are terminated or until the bankruptcy judge chooses to lift the stay. 11 U.S.C. sec. 362 *510 (c) and (d) (1982). When the Bankruptcy Court reopened the Kimmerlings' case, it is clear that the stay became operational again with respect to proceedings in this Court. The petition was filed in this Court, however, when no stay was in effect. Thus, the petition filed herein was not filed in violation of the automatic stay provisions and is valid. Accordingly, petitioner was not automatically stayed from commencing a proceeding in this Court on May 20, 1988, when he filed his petition in this Court, and, now that the bankruptcy proceedings are concluded, the stay is no longer in effect. We therefore have jurisdiction over this case. McClamma v. Commissioner, 76 T.C. 754 (1981). Our holding that we have jurisdiction in the instant case resolves petitioner's motion to dismiss for lack of jurisdiction. Petitioner, however, asserts in his motion that the consent order resolves petitioner's tax liability for the taxable year 1984. That issue would be more properly the subject of a motion for summary judgment. We might under other circumstances treat petitioner's motion to dismiss as a motion for summary judgment, but we think that the evidence in the instant *511 case is insufficient to decide at this time the effect, if any, of the consent order on the instant case. We think that additional evidence of the proceedings in the Bankruptcy Court and of the parties' intentions and actions in connection with those proceedings, as well as further briefing of the legal issues, is necessary. Accordingly, petitioner's motion to dismiss for lack of jurisdiction will be denied. An appropriate order will be issued.