DIVIDEND INDUSTRIES, INC., PETITIONER *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7820-84.        Filed January 15, 1987.

*Curtis W. Berner* and *E. Rick Buell II*, for the petitioner.
*Milton B. Blouke*, for the respondent.

## OPINION

SWIFT, *Judge*: This matter is before the Court on petitioner's motion to dismiss for lack of jurisdiction. The issue raised by the motion is whether respondent's notices of deficiency, which were mailed to petitioner as the parent of an affiliated group of corporations, are invalid because the notices reflect adjustments attributable solely to income, deduction, and credit items of petitioner's subsidiary corporations, none of which was identified in the notices of deficiency. Petitioner also moves for summary judgment against respondent on the ground that none of the adjustments set forth in the notices of deficiency is attributable to petitioner.[1] The parties agree on the following facts.

Petitioner Dividend Industries, Inc. (hereinafter sometimes referred to as DII), maintained its principal office in Santa Clara, California, at the time of filing the petition which gives rise to the motion now under consideration. DII

---

[1]Petitioner initially filed a motion for entry of decision. At the oral argument on petitioner's motion for entry of decision, however, petitioner orally modified its motion so that it now constitutes a motion to dismiss and a motion for summary judgment.

was the common parent of an affiliated group of corporations during the years in issue. The subsidiary members of the affiliated group were Dividend Development Corp., Dividend Financial Corp., Poly-Vue Plastics Corp., and Coordinated Lease Corp.

DII, as common parent of the affiliated group, filed consolidated Federal corporate income tax returns (Forms 1120) with its subsidiaries for the taxable years ending September 30, 1977 through 1980. On December 28, 1983, respondent mailed to DII two statutory notices of deficiency, determining deficiencies in and additions to DII's income tax liabilities as follows:[2]

| Years | Deficiencies | Additions to tax sec. 6653(a) [3] |
|---|---|---|
| 1977 | $62,659 | $3,133 |
| 1978 | 20,648 | 1,032 |
| 1979 | 937,538 | 46,877 |
| 1980 | 1,335,265 | 66,763 |

The deficiencies set forth in the notices of deficiency are attributable solely to adjustments to income, deduction, or credit items of subsidiary members of the affiliated group. None of the adjustments is attributable to income, deduction, or credit items of petitioner. Respondent, however, addressed and mailed the notices of deficiency only to petitioner. Respondent made no reference in the notices of deficiency to an affiliated group of corporations, nor were other members of the affiliated group (of which petitioner is the parent corporation and which joined with petitioner in the filing of consolidated Federal income tax returns for the taxable years 1977 through 1980) named or otherwise identified in the notices of deficiency.

The sole legal issue for decision with regard to petitioner's motion to dismiss for lack of jurisdiction is whether this Court has jurisdiction in this proceeding (which is based on notices of deficiency identifying only petitioner) over the total, consolidated Federal income tax liabilities of the affiliated group of corporations for the years in ques-

[2]One notice of deficiency was for taxable years 1977 through 1979. The second notice of deficiency was for the 1980 taxable year. Petitioner had executed Forms 872 extending the statute of limitations for 1977, 1978, and 1979 to Dec. 31, 1983.

[3]All section references are to the Internal Revenue Code of 1954 as in effect during the years in issue.

tion, as respondent contends, or whether the Court only has jurisdiction over the portion of the consolidated Federal income tax liabilities attributable to petitioner.

Petitioner argues that because respondent's notices of deficiency do not identify the subsidiary members of the affiliated group, those notices are invalid as to the subsidiary members and as to all tax adjustments reflected in the notices of deficiency attributable to the subsidiary members. Petitioner relies on a particular provision in the regulations promulgated under the consolidated return provisions of the Code. Section 1.1502-77(a), Income Tax Regs., describes the broad authority parent corporations have to act as agents for subsidiary members of an affiliated group that files a consolidated Federal income tax return and then continues, in pertinent part, as follows:

(a) *Scope of agency of common parent corporation.* * * * Notwithstanding the provisions of this paragraph, any notice of deficiency, in respect of the tax for a consolidated return year, will name each corporation which was a member of the group during any part of such period (but a failure to include the name of any such member will not affect the validity of the notice of deficiency as to the other members) * * *

Petitioner argues that because the regulation expressly states (albeit parenthetically) that the failure to name a member of an affiliated group will not affect the validity of a notice of deficiency "as to the other members [of the group]," it inferentially follows that a notice of deficiency is invalid in all respects as to any member of the group not so named. Petitioner therefore argues that adjustments made in a notice of deficiency are invalid if they are attributable to members of an affiliated group that are not identified in the notice of deficiency.

Respondent emphasizes that section 1.1502-77(a), Income Tax Regs., does not expressly state how the notice of deficiency or the adjustments reflected therein will be affected where the adjustments are attributable to a member of an affiliated group that is not identified in the notice of deficiency. Respondent relies heavily on section 1.1502-6(a), Income Tax Regs., which provides that each member of an affiliated group that files a consolidated Federal income tax return is severally liable for the full amount of any tax deficiency determined with respect to the consolidated tax

return.[4] Respondent maintains that liability exists for all members of an affiliated group even though the adjustments giving rise to the tax deficiency are attributable to members of the affiliated group not identified in the notice of deficiency. Respondent therefore concludes that regardless of whether we have jurisdiction over members of an affiliated group not identified in a notice of deficiency, we do have jurisdiction over all of the tax adjustments reflected therein, including adjustments attributable to members of the affiliated group not identified in the notice of deficiency.

The parenthetical language of section 1.1502-77(a), Income Tax Regs., on which petitioner relies has been in the consolidated return regulations since 1928. Over the many years this regulation has been in effect, courts have addressed the jurisdictional effect of the failure of respondent to specifically identify a particular member of an affiliated group in a notice of deficiency. Most of the cases have avoided a direct holding on the issue by finding that although the notice of deficiency did not specifically identify the member of the affiliated group in question, the notice adequately made general reference to all members of the affiliated group, and such general reference was held to satisfy the notice requirement of section 1.1502-77(a), Income Tax Regs. The courts therefore concluded that they had jurisdiction over the consolidated tax liability of the entire affiliated group without deciding the legal question raised herein. See *Intervest Enterprises, Inc. v. Commissioner*, 59 T.C. 91, 96 (1972) (notice of deficiency mentioned the parent company "and all its subsidiaries"); *Anheuser-Busch, Inc. v. Commissioner*, 40 B.T.A. 1100, 1109 (1939) (notice of deficiency made reference to the parent and other "affiliated companies"); *Brock v. Commissioner*, T.C. Memo. 1982-335, 44 T.C.M. 128, 134-136, 51 P-H Memo T.C. par. 82,335, at 82-1415-1418-82 (notice of deficiency identified

---

[4]Sec. 1.1502-6(a), Income Tax Regs., provides as follows:

(a) *Several liability of members of group.* Except as provided in paragraph (b) of this section, the common parent corporation and each subsidiary which was a member of the group during any part of the consolidated return year shall be severally liable for the tax for such year computed in accordance with the regulations under section 1502 prescribed on or before the due date (not including extensions of time) for the filing of the consolidated return for such year.

the subsidiary companies in schedules attached to the notice of deficiency). Those cases are of limited assistance herein because the opinions do not state (and we cannot fairly infer therefrom) what those courts would have concluded with respect to a notice of deficiency that does not make even a general reference to other members of the affiliated group, which is the issue before us.

Arguably, two cases support respondent's argument that this Court will take jurisdiction over the entire consolidated Federal income tax liability of an affiliated group even though some members of the affiliated group are not in any way identified in the notice of deficiency and even though the adjustments in the notice of deficiency are attributable to such unidentified members of the group. In *Peninsula Steel Products & Equipment Co. v. Commissioner*, 78 T.C. 1029 (1982), we took jurisdiction over adjustments attributable solely to a subsidiary member of an affiliated group of corporations that filed a consolidated Federal income tax return, even though the member apparently had not been named in the notice of deficiency. In *Peninsula Steel*, however, the taxpayer, the parent corporation, did not object to the Court's taking jurisdiction over adjustments attributable to the subsidiary member, and the taxpayer stipulated that the subsidiary and the deficiency attributable to it were before the Court for determination. Under the circumstances, *Peninsula Steel* does not provide direct authority for the proposition that this Court will take jurisdiction over tax adjustments attributable to a member of a consolidated group even though the member is not identified in the notice of deficiency.

In *Mississippi River & Bonne Terre Railway v. Commissioner*, 39 B.T.A. 995, 1004-1005 (1939), among other adjustments, respondent made certain adjustments attributable solely to a parent corporation. In a notice of deficiency which named only a subsidiary corporation and in the proceeding that followed before the Board of Tax Appeals in the name only of the subsidiary, respondent sought the Board's approval concerning the subsidiary's liability for the tax deficiency arising solely from adjustments to the income of the parent corporation. Based upon the liability of each member of an affiliated group that files a consoli-

dated tax return for the entire consolidated tax liability, the Board upheld the notice of deficiency and· held the subsidiary corporation liable for the tax arising from adjustments to the income of the parent corporation. 39 B.T.A. at 1004. The principle established in *Mississippi River & Bonne Terre Railway* is cited with apparent approval in F. Peel, Consolidated Tax Returns, sec. 25:02, at 4-5 (3d ed. 1984).

Further, we note that petitioner and its subsidiary corporations filed consolidated tax returns for each of the years before us and claimed the benefits thereof. We can find no reason to strain for an interpretation of section 1.1502-77(a), Income Tax Regs., that has the effect of "breaking up" a determination of the consolidated tax liabilities of the affiliated group.

Petitioner responds that only its interpretation will give meaning to the parenthetical language in dispute herein from section 1.1502-77(a), Income Tax Regs. We disagree. Underlying the regulation is the overriding concept of several liability of each member of an affiliated group that joins in the filing of a consolidated tax return. As we read the parenthetical language in section 1.1502-77(a), Income Tax Regs., in light of that several liability for the entire consolidated tax liability, the regulation simply provides that before respondent can proceed to make an assessment against any particular member of an affiliated group with respect to the consolidated tax liability, respondent must give that member notice of his intended action by identifying that member in the notice of deficiency. If such notice is not given, the proposed assessment cannot be made *against that member*. Nothing in the language in question limits respondent's ability to make an assessment with respect to the entire consolidated tax liability against any other member of the affiliated group that is identified in the notice of deficiency.

Petitioner's reading of the regulation goes beyond the above interpretation to the effect that if any member of an affiliated group is not identified in a notice of deficiency, the portion of the proposed assessment (with respect to the consolidated tax liability) that is attributable to adjustments relating to the unidentified member cannot be assessed against any of the other members of the affiliated

group even though such other members are identified in the notice of deficiency. Petitioner's reading of the regulation is too expansive, and we reject it.

A further point (not argued by either party herein) is relevant to our analysis. Section 1505(1) and section 6503(a)(2)[5] expressly provide that when a notice of deficiency is mailed to any member of an affiliated group that joins in the filing of a consolidated income tax return, that notice suspends the running of the statute of limitations (as provided in section 6503(a)(1)) with respect to *all members* of the affiliated group. *Wobber Brothers v. Commissioner*, 31 B.T.A. 133 (1934). Under section 6503(a)(1), the statute of limitations is suspended until a decision of this Court becomes final.

Thus, applying the above statutory provisions to the facts of this case, the notice of deficiency issued to petitioner on December 23, 1983, suspended the running of the statute of limitations for assessment against petitioner and against each of petitioner's subsidiaries as well. Assuming that petitioner's interpretation of section 1.1502-77(a), Income Tax Regs., is correct,[6] upon entry of a final order herein granting petitioner's motion to dismiss, respondent then would be entitled to issue notices of deficiency directly to each subsidiary for the years 1977, 1978, 1979, and 1980.

---

[5] Sec. 1505(l) provides as follows:

(l) For suspension of running of statute of limitations when notice in respect of a deficiency is mailed to one corporation, see section 6503(a)(1). [Sec. 1505(l) incorrectly refers to section 6503(a)(1). The correct reference is to sec. 6503(a)(2).]

Sec. 6503(a) provides as follows:

SEC. 6503(a). ISSUANCE OF STATUTORY NOTICE OF DEFICIENCY —

(l) GENERAL RULE.—The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or the collection by levy or a proceeding in court, in respect of any deficiency as defined in section 6211 (relating to income, estate, gift and certain excise taxes), shall (after the mailing of a notice under section 6212(a)) be suspended for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

(2) CORPORATION JOINING IN CONSOLIDATED INCOME TAX RETURN.—If a notice under section 6212(a) in respect of a deficiency in tax imposed by subtitle A for any taxable year is mailed to a corporation, the suspension of the running of the period of limitations provided in paragraph (l) of this subsection shall apply in the case of corporations with which such corporation made a consolidated income tax return for such taxable year.

[6] Under which interpretation we, in this proceeding, would have jurisdiction only over tax adjustments attributable to petitioner as the parent corporation but not over adjustments made by respondent attributable to the subsidiary members of petitioner's affiliated group because the subsidiaries were not identified in the notice of deficiency.

Thus, under petitioner's interpretation of section 1.1502-77(a), Income Tax Regs., nothing would be accomplished but a delayed and bifurcated determination of the correct consolidated Federal income tax liabilities of the affiliated group. We refuse to adopt an interpretation of section 1.1502-77(a), Income Tax Regs., that produces such a result.

For the reasons stated above, petitioner's motion to dismiss will be denied. In light of our resolution of petitioner's motion to dismiss, petitioner's motion for summary judgment also will be denied.

*An appropriate order will be issued.*