> *Decision will be entered under Rule 155 in docket No. 6720-84.*

NORMAC, INCORPORATED, AND NORMAC INTERNATIONAL, LIMITED, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 11461-87.          Filed January 26, 1988.

---

*Mark G. Zartarian,* for the petitioners.
*Margaret A. Satko,* for the respondent.

OPINION

CHABOT, *Judge:* The instant case is before us on respondent's motion, filed June 22, 1987, to dismiss for lack of jurisdiction as to Normac International, Ltd., and to change caption. Petitioners filed an objection to respondent's motion on July 14, 1987. Respondent filed a memorandum brief in support of its motion on December 3, 1987. On December 14, 1987, petitioners filed a notice of intent not to file a brief.

Respondent determined deficiencies in Federal corporate income tax against Normac, Inc., and Normac International, Ltd., for the years and in the amounts as follows:

| Petitioner | Year | Deficiency |
|---|---|---|
| Normac, Inc. | 1980 | $28,174 |
| | 1982 | 24,499 |
| | 1983 | 24,615 |
| Normac International, Ltd. | 1982 | 114,381 |
| | 1983 | 58,269 |

The issue for decision is whether this Court has jurisdiction to redetermine the deficiencies determined by respondent against Normac International, Ltd.

This motion has been submitted fully stipulated.

*Background*

When the petition was filed in the instant case, each petitioner had its principal place of business in Arden, North Carolina.

On February 3, 1987, respondent sent a notice of deficiency to petitioner Normac, Inc. (hereinafter sometimes referred to as Normac). On that same day, respondent also sent a notice of deficiency to petitioner Normac International, Ltd. (hereinafter sometimes referred to as International), a subsidiary of Normac. Both Normac and International are located at Airport Road Industrial Park, in Arden. Both notices of deficiency are addressed to Post Office Box 69, Arden, NC 28704. This was International's last known address on February 3, 1987.

In the notice of deficiency that respondent sent to International, respondent, as his primary position, determined that International does not qualify as a domestic international sales corporation (hereinafter sometimes referred to as a DISC) for 1982 and 1983 and that its net taxable income is allocable to Normac under section 482.[1] As his alternative position, respondent determined that International is not a DISC for 1982 and 1983 and is taxable on its own income under section 11. In this notice of deficiency, respondent did not determine any deficiency against Normac.

In the notice of deficiency that respondent sent to Normac, respondent, as his primary position, also determined that International is not as a DISC for 1982 and 1983, and that International's income is allocable to Normac under section 482. As his alternative position, respondent also determined that International is not a DISC for 1982 and 1983 and is taxable on its own income, under section 11. Under that alternative, Normac would have a deficiency of $1,289 for 1980, an overpayment of $89,883 for 1982, and neither a deficiency nor an overpayment for 1983. In the notice of deficiency to Normac, respondent did not determine any deficiency against International.

On May 4, 1987, a petition captioned "NORMAC, INCORPORATED, AND NORMAC INTERNATIONAL, LIMITED, PETITIONERS, V COMMISSIONER OF INTERNAL REVENUE, RESPONDENT" was timely filed with this Court.[2] Attached to the

---

[1]Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years in issue; however, all section references to subtitle F (secs. 6001 through 7872) are to sections of the Internal Revenue Code of 1986 as in effect for the date the petition was filed in the instant case.

[2]Relevant portions of the petition read as follows:

petition (the Exhibit A referred to in paragraph 2 of the petition; see note 2, *supra*) is a copy of the notice of deficiency that respondent sent to Normac, together with the statement accompanying that notice of deficiency (in compliance with Rule 34(b)(8)[3]). The petition did not have attached to it any copy of the notice of deficiency (or accompanying statement) that respondent sent to International.

While preparing and filing the petition, petitioners' counsel was not aware of the existence of, nor had a copy of, the notice of deficiency that respondent sent to International. Nonetheless, in preparing and filing the petition, he in-

---

PETITION

The above named Petitioners hereby petition for a redetermination of the deficiencies and additions to tax set forth by the Commissioner of Internal Revenue (hereinafter "Commissioner") in the Notice of Deficiency dated February 3, 1987, and as the basis of their case, allege the following:

1. Identification of the Petitioners are as follows:

(a) The Petitioner, NORMAC, INCORPORATED, and its wholly owned subsidiary NORMAC INTERNATIONAL, LIMITED, are both Michigan Corporations bearing employer identification number 38-1840539 and 38-2026198, respectively.

(b) Both Corporations have substantial business activities in Northville, Michigan and Arden, North Carolina, with the latter location (of Arden, North Carolina) having a slightly greater amount of the overall business activity for both corporations and therefore to be considered the "principal place of business" for the Petitioners.

(c) The Petitioners have filed their Federal tax returns with the Internal Revenue Service office located in Memphis, Tennessee.

(d) The Statutory Notice was addressed to Normac, Incorporated but the adjustments proposed on said Notice are to both Normac, Incorporated and Normac International Limited and therefore both Corporations have been named herein as Petitioners to preserve fully their rights before this Honorable Court.

2. The Statutory Notice (a copy which is attached and marked Exhibit A) was mailed to the Petitioner on February 3, 1987, and was issued by the office of the Internal Revenue Service at Greensboro, North Carolina.

3. The deficiency, as determined by the Commissioner, is in corporate income tax for Normac Incorporated for the calendar years, 1980, 1982 and 1983 in the amounts of $28,174, $24,499 and $24,615, respectively. The adjustment proposed by the Commissioner will also have the effect of increasing taxable income of the Petitioner, Normac Incorporated, for future years which the Petitioners object to such adjustments both for the years stated above and for future years.

\*       \*       \*       \*       \*       \*       \*

WHEREFORE, the Petitioners pray that the Court:

A. Determine the Commissioner erred as alleged in each argument of error set forth in Paragraph 4 of this Petition.

B. Determine that there is no deficiency in the Petitioners' income tax for the years 1980, 1982 and 1983.

C. Granting Petitioners their actual attorney fees sustained in the bringing of their Petition[.]

D. Grant the Petitioners such other relief as it deems necessary or appropriate.

[3]Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.

tended to file a petition with regard to both Normac and International. The petition sets forth petitioners' objections to adjustments determined by respondent as to both Normac and International, but those adjustments are only the ones stated in the notice of deficiency that respondent sent to Normac. Each of these determinations relates to the deficiencies respondent determined against Normac. When the petition was filed, none of the officers of Normac or International was aware of the existence of the notice of deficiency that respondent sent to International. Normac and International did not file a consolidated tax return.

## Jurisdiction

Petitioners argue that since a timely petition was filed, we should take jurisdiction over International and allow petitioners to amend their petition if necessary. Respondent contends that because neither International nor its attorney was aware of the existence of the notice of deficiency, the petition was not filed "in response to" the notice of deficiency and, for this reason, we lack jurisdiction over International. In addition, respondent contends that because the petition does not contain pleadings that the deficiencies determined against International are in error, International cannot become a party to the case on the weight of Normac's petition.

We agree with respondent's conclusion.

It is well settled that this Court can proceed in a case only if we have jurisdiction and that any party, or the Court sua sponte, can question jurisdiction at any time, even after the case has been tried and briefed. *Kahle v. Commissioner,* 88 T.C. 1063 n. 3 (1987), and cases cited therein. We have jurisdiction to determine jurisdiction [4] and "whenever it appears that this Court may not have jurisdiction to entertain the proceeding that question must be decided." *Wheeler's Peachtree Pharmacy, Inc. v. Commissioner,* 35 T.C. 177, 179 (1960); *508 Clinton Street Corp. v. Commissioner,* 89 T.C. 352, 353 n. 2 (1987). Where this Court's jurisdiction is duly challenged, the jurisdiction must

---

[4] We also have authority to resolve all questions relating to issues of our jurisdiction, including ancillary matters such as an award of litigation costs. *Weiss v. Commissioner,* 88 T.C. 1036 (1987).

be affirmatively shown. *Wheeler's Peechtree Pharmacy, Inc. v. Commissioner,* 35 T.C. at 180; *Louisiana Naval Stores, Inc. v. Commissioner,* 18 B.T.A. 533 (1929).

This Court's jurisdiction to redetermine a deficiency (sec. 6214(a)[5]) depends on respondent's sending a notice of deficiency to a taxpayer (sec. 6212(a)[6]) *and* that taxpayer's filing with this Court a timely petition that we redetermine the deficiency determined against that taxpayer in that notice of deficiency (sec. 6213(a)[7]). *Brown v. Commissioner,* 78 T.C. 215, 220 (1982); Rules 13(a) and 13(c).

In the instant case, respondent sent a notice of deficiency to Normac determining deficiencies against Normac, and another notice of deficiency to International determining deficiencies against International. Normac and International filed a timely petition with this Court. In this petition, they clearly asked the Court to redetermine the deficiency that respondent had determined against Normac. The matter we must decide is whether, in that petition (because they did not file any other timely petition), International also asked the Court to redetermine the deficiencies that respondent had determined against International.

It has been this Court's policy to be liberal in treating as petitions all documents filed by taxpayers within the 90-day period, where the documents were intended as petitions. See, e.g., *Castaldo v. Commissioner,* 63 T.C. 285, 287 (1974); *Joannou v. Commissioner,* 33 T.C. 868 (1960). However, in order to be treated as a petition from a particular notice of deficiency, the document must contain some objective indication that the taxpayer contests the deficiency deter-

---

[5]SEC. 6214. DETERMINATIONS BY TAX COURT.

(a) JURISDICTION AS TO INCREASE OF DEFICIENCY, ADDITIONAL AMOUNTS, OR ADDITIONS TO THE TAX.—Except as provided by section 7463, the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or any addition to the tax should be assessed, if claim therefor is asserted by the Secretary at or before the hearing or a rehearing.

[6]SEC. 6212. NOTICE OF DEFICIENCY.

(a) IN GENERAL.—If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A * * *, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

[7]SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT.

(a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days, * * * after the notice of deficiency authorized in section 6212 is mailed * * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *

mined by respondent against that taxpayer. *O'Neil v. Commissioner,* 66 T.C. 105, 107 (1976).

In *Estate of Dupuy v. Commissioner,* 48 T.C. 918 (1967), respondent had sent four notices of deficiency, one to an estate and its three executors, and one to each of the three executors. In the notice to the estate and its executors, respondent determined an estate tax deficiency; in the separate notices to each of the three executors, respondent determined personal liabilities of that executor for the estate's tax liability. A timely petition was filed, captioned in the names of the estate and the three executors, and referring to the notice of deficiency that respondent sent to the estate. After the expiration of the 90-day period for filing a petition, an amended petition was filed, referring also to the separate notices of deficiency that respondent sent to each of the three executors. We granted respondent's motion to strike those portions of the amended petition relating to the personal liabilities of the executors, because the timely filed petition dealt only with the estate's estate tax deficiency and not with the fiduciaries' personal liabilities.

In *O'Neil,* respondent had sent a notice of deficiency to the taxpayer, determining deficiencies for 4 years. The taxpayer's timely petition specifically disputed the deficiencies determined for the first 3 of these years. After the expiration of the 90-day period for filing a petition, the taxpayer filed an amended petition disputing all 4 years. We granted respondent's motion to dismiss as to the fourth year.[8]

In the instant case, the parties have stipulated that in filing the petition, International's attorney intended to file a petition with regard to International. However, the petition does not indicate that International is contesting the

---

[8]See *Franks v. Commissioner,* T.C. Memo. 1986-470, affd. without published opinion 828 F.2d 23 (9th Cir. 1987), in which respondent sent two notices of deficiency to the taxpayer on one day. In one notice, respondent determined a deficiency for 1980, and in the other respondent determined a deficiency for 1981. The two notices made adjustments primarily related to the same investments of the taxpayer. The taxpayer filed a timely petition that disputed the 1981 deficiency. After the expiration of the 90-day period for filing a petition, the taxpayer filed an amended petition to also dispute the 1980 deficiency. We granted respondent's motion to strike as to 1980. The taxpayer pointed out that the errors assigned in the original petition were responsive to the adjustments for both years. We noted that this was to be expected since the two notices of deficiency dealt with the same investment.

deficiency determined against International. Instead the petition indicates that:

(d) The Statutory Notice was addressed to Normac, Incorporated but the adjustments proposed on said Notice are to both Normac, Incorporated and Normac International Limited and therefore both Corporations have been named herein as Petitioners to preserve fully their rights before this Honorable Court.

The petition does not indicate the amounts of the deficiencies determined against International, nor the amounts of the deficiencies International is contesting, nor the years in dispute as to International. The petition does not have attached to it the notice of deficiency to International. As petitioners point out, the petition deals with matters affecting International's tax liability. Normac's tax liability depends in part on matters that also relate to International's tax liability.

Petitioners ask us to allow them to file an amended petition in order to remedy any defects in the petition regarding this Court's jurisdiction over International. However, if this Court did not acquire jurisdiction because of the petition filed within the statutory period, then an amended petition, filed outside the statutory period, cannot create jurisdiction. Rule 41(a) provides, in part, as follows:

No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file.

See *O'Neil v. Commissioner,* 66 T.C. at 107-108, and references cited therein.

In *Dividend Industries, Inc. v. Commissioner,* 88 T.C. 145 (1987), we held that this Court has jurisdiction over the consolidated Federal income tax liability of an affiliated group of corporations where only one notice of deficiency was sent which did not identify any of petitioner's subsidiary corporations and only one petition was filed. We stated that the effect of language in section 1.1502-77(a), Income Tax Regs., appeared to be that respondent could not assess any part of a consolidated deficiency against a particular subsidiary, where consolidated tax returns had been filed, unless respondent's notice of deficiency named that subsid-

iary. 88 T.C. at 146. However, we held that the naming of the parent in the notice of deficiency sent to the parent corporation was enough to cause the parent corporation to be properly before the Court as to the entire deficiencies determined in the notice of deficiency.

In the instant case, Normac and International did not file consolidated tax returns for the years in issue; separate notices of deficiency were sent to each petitioner determining deficiencies against that petitioner only; and each petitioner is liable for its own deficiency (if any).

Accordingly, we conclude that we lack jurisdiction as to International.[9]

We hold for respondent.

> *An appropriate order will be issued dismissing this case as to petitioner Normac International, Limited, and changing the caption to reflect the dismissal.*

---

[9]We note that our decision on this motion does not leave International without judicial recourse. International may litigate its dispute with respondent in a refund suit brought in the appropriate Federal District Court or the Claims Court.

We agree with petitioners that, for purposes of both judicial economy and consistency in result, it would be better for all parties to have these disputes resolved in one proceeding. However, this Court's jurisdiction is not discretionary and does not generally extend to suits for refund of taxes paid.

The Omnibus Budget Reconciliation Bill of 1987, as reported by the Senate Budget Committee on Dec. 4, 1987, included a provision to expand this Court's jurisdiction to certain Federal tax refund litigation. S. 1920, 100th Cong., 1st Sess., sec. 4750 (pp. 1199-1205 of the bill). The Omnibus Budget Reconciliation Act of 1987 (Pub. L. 100-203), as enacted on Dec. 22, 1987, did not contain the provision.