T.C. Memo. 1998-293

UNITED STATES TAX COURT

WALTER J. HOYT, IV AND CYNTHIA M. WITT-HOYT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13648-97.                    Filed August 10, 1998.

<u>Raymond Jackson</u> and <u>Michael D. Culy</u>, for petitioners.

<u>Alan E. Staines</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction.  Respondent bases his motion on the ground that the petition was not filed within the period prescribed by section 6213(a).[1]

_____

    [1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect during the relevant period, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether a notice of deficiency was issued and properly mailed to petitioners for the year 1992. According to respondent, on October 2, 1996, a notice of deficiency in which a deficiency, additions to tax, and a penalty with respect to petitioners' 1992 Federal income tax were determined was issued and sent to petitioners by certified mail. Petitioners admit that a document sent by respondent by certified mail was received in October 1996 but they claim that the document was not a notice of deficiency. According to petitioners, the document was a statement of income tax changes that they had previously received from the revenue agent conducting the examination of their 1992 year.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioners were husband and wife during 1992. They filed a timely joint Federal income tax return for the year 1992 on or about October 15, 1993. References to petitioner are to Walter J. Hoyt IV. Petitioners resided in Willows, California, at the time their 1992 return was filed and continued to reside there at least until the petition was filed in this case. The parties have stipulated, and we find as a fact, that for purposes of section 6212, petitioners' last known address as of October 2, 1996, was P.O. Box 642, Willows, California 95988.

At some point prior to December 1995, respondent was examining petitioners' 1992 Federal income tax return. The revenue agent conducting the examination mailed a copy of the proposed statement of income tax changes to petitioners with a letter dated December 1, 1995, that invited petitioners to discuss the matter further. Petitioners responded that further discussion would be a "waste of time" and requested that a notice of deficiency be issued to them for the year under examination.

Sometime in 1996, the revenue agent forwarded petitioners' 1992 administrative file to Joseph Pierce, the Internal Revenue Service (IRS) employee generally responsible for the preparation of notices of deficiency in the district and specifically responsible for the preparation of the notice of deficiency relevant here.

The process that preceded the issuance of a notice of deficiency in Mr. Pierce's district was as follows. Upon receipt of a taxpayer's administrative file, Mr. Pierce would review the revenue agent's report for mathematical errors and prepare a draft of the notice of deficiency, which typically included a cover letter, waiver, and supporting schedules. Mr. Pierce researched the taxpayer's last known address. After he determined the taxpayer's last known address, Mr. Pierce added it to the draft of the notice of deficiency. Mr. Pierce's work was checked by other IRS employees, and an original and three copies

of the notice of deficiency were then produced. Mr. Pierce would next sign the original and copies of the notice of deficiency on behalf of the appropriate IRS official. The original and one copy of the notice of deficiency were mailed to the taxpayer. Two copies of the notice of deficiency were retained in the taxpayer's administrative file.

After a notice of deficiency was completed, IRS employee Dusty Rhoades was responsible for preparing the envelope in which the document was to be mailed and inserting the document into that envelope. Mr. Pierce and Mr. Rhoades worked alongside one another. Before the envelope was sealed, a series of checks took place in order to ensure the integrity of the process.

Because a notice of deficiency is sent by certified mail, each one contains a unique certified mailing number which is placed on the first page of the document. The mailing of each notice of deficiency is recorded on U.S. Postal Service Form 3877. The form contains the name and address of the taxpayer(s), the certified mailing number, and the year(s) for which the notice was issued. The form is postmarked on the date of mailing and signed by the Postal Service employee who received the items.

Mr. Pierce personally prepared a notice of deficiency addressed to petitioners for the year 1992. The procedures outlined above were followed in connection with the preparation of that notice. All the relevant records maintained by either

respondent or the U.S. Postal Service indicate that a notice of deficiency for the year 1992 was sent by certified mail to petitioners on October 2, 1996.

During the relevant period, petitioner's father served as a tax matters partner in a number of partnerships that he (petitioner's father) promoted. Petitioner was employed by his father in connection with some of the partnerships and was a partner in some of them as well. As a result, petitioner had previously seen "volumes" of notices of final partnership administrative adjustment (FPAA) but only a "handful" of notices of deficiency. Petitioner considers a notice of deficiency and an FPAA to be "basically the same".

                          OPINION

Having determined a deficiency in petitioners' 1992 Federal income tax, respondent was authorized to notify petitioners of such by certified mail. Sec. 6212(a). A review of the records that are typically generated when a notice of deficiency is prepared and mailed to a taxpayer indicates that a notice of deficiency for the year 1992 was issued and mailed to petitioners on October 2, 1996. The records are consistent with the recollection of Mr. Pierce, the IRS employee who actually prepared the notice of deficiency and supervised its mailing,

although he did not actually observe the document being inserted into an envelope.

Petitioner recalls receiving a document by certified mail from respondent in October 1996, but, according to his testimony, after

> [going] back through all the different things I signed for that fall from the IRS * * * I've decided that the thing that was in that envelope that day was another copy of that examination report.

We weigh the evidence that indicates a notice of deficiency was issued and properly mailed to petitioners on October 2, 1996, against petitioner's testimony that he "decided" it was some other document. On balance, we are not persuaded by petitioner's vague recollection and testimony on the point. We find that a notice of deficiency for the year 1992 was issued and sent to petitioners by certified mail on October 2, 1996. Under the circumstances, the statutory period for filing a petition with this Court in response to that notice of deficiency expired on December 31, 1996. Sec. 6213(a). The petition in this case was filed on June 27, 1997, which is well beyond the period prescribed for doing so. Consequently, we have no jurisdiction in this case, and respondent's motion to dismiss for lack of jurisdiction on that ground will be granted. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

It follows that petitioners' motion to restrain assessment and collection, filed June 27, 1997, and petitioners' motion for leave to file an amended petition, filed August 22, 1997, must be denied, as moot.

In order to reflect the foregoing,

<u>An appropriate order and order of dismissal for lack of jurisdiction will be entered</u>.