T.C. Memo. 2002-170

UNITED STATES TAX COURT

JUAN EL KHOURI AND KITTY HUNTER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12873-01.                    Filed July 12, 2002.

Juan El Khouri and Kitty Hunter, pro sese.

Charles A. Hall, Judy Wall, and Minakshi Tyagi-Jayasinghe,
for respondent.

MEMORANDUM OPINION

DAWSON, Judge: This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(5) and Rules 180, 181, and 183.[1] The Court agrees with

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction, as supplemented.  Respondent contends that the Court lacks jurisdiction on the ground that the petition was not timely filed pursuant to sections 6213(a) and 7502.  As explained in detail below, we shall grant respondent's motion to dismiss, as supplemented.

Background

On July 6, 2001, respondent issued a joint notice of deficiency to petitioners.  In the notice, respondent determined a deficiency in petitioners' Federal income tax for 1998 in the amount of $96,086 and an addition to tax under section 6651(a)(1) for failure to timely file in the amount of $13,452.60.  The notice of deficiency was sent to petitioners by certified mail at two separate addresses and a copy of the notice was sent by regular, first-class mail to Rod Mirand, identified as petitioners' authorized representative.

On October 10, 2001, the Court received and filed a joint petition for redetermination in which petitioners challenged

respondent's deficiency determinations.[2]  The petition is dated
October 5, 2001.  The petition arrived at the Court in an
envelope bearing U.S. Postal Service certified mail No. 7001 0360
0001 7533 5423 and two postmarks.  One of the postmarks is a
private postmeter postmark showing Bellflower, California, as the
postal locale, and the other is a U.S. Postal Service postmark
showing Long Beach, California, as the postal locale.  Both
postmarks are dated October 5, 2001.

As indicated, respondent filed a motion to dismiss for lack
of jurisdiction on the ground that the petition was not timely
filed.  Petitioners filed an objection to respondent's motion to
dismiss, alleging that they initially mailed a petition to the
Court on September 15, 2001, and, after they received no response
from the Court, they mailed a second petition to the Court on
October 4, 2001.[3]  Petitioners' objection suggests that the

---

[2]  The body of the petition, which is essentially a letter
to the Tax Court, reads as follows:

Tax Court;

This letter represents a formal request for petition
forms needed to file with the court.

See attached "Notice Of Deficiency" letter dated July
6, 2001, giving us the 90 days to file the petition
forms.

Please send forms to: Juan El Khouri
                              [address]

[3]  In response to petitioners' allegation regarding the
                                        (continued...)

delivery of their first petition may have been impeded because of the terrorist attacks on September 11, 2001.

Respondent filed a response to petitioners' objection, asserting that petitioners failed to demonstrate that the delivery of the petition purportedly mailed to the Court on September 15, 2001, was impeded because of the events of September 11, 2001.[4]  Respondent also argued that the U.S. Postal Service postmark date of October 5, 2001, appearing on the envelope in which the petition was delivered to the Court, conclusively establishes that the petition was not mailed within the statutory 90-day filing period.  See sec. 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs. (regarding U.S. Postal Service postmarks); see also sec. 301.7502-1(c)(1)(iii)(B), Proced. & Admin. Regs. (regarding private postmeter postmarks).

The Court subsequently issued an Order directing petitioners to provide the Court with any documentation they might have

[3](...continued)
mailing of a petition on Sept. 15, 2001, the Court searched its records but was unable to find any indication of either a petition filed by petitioners before Oct. 10, 2001, or any correspondence received from them before that date.

We note that petitioners' allegation regarding the mailing of the petition on Oct. 4, 2001, is inconsistent not only with the postmark dates on the envelope containing the petition but also with the date on the petition itself.

[4]  We note that mail service to the Court was seriously disrupted by the anthrax attacks in Washington, D.C., last fall, but that such attacks did not occur until mid-October 2001.

- 5 -

showing that they mailed a petition to the Court on September 15, 2001, and, if available, a copy of U.S. Postal Service Form 3800, Certified Mail Receipt, for certified mail item No. 7001 0360 0001 7533 5423.  Petitioners did not respond to this Order.

This matter was called for hearing at the Court's motions session held in Washington, D.C., on March 27, 2002.  Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion to dismiss.  There was no appearance by or on behalf of petitioners at the hearing, nor did petitioners file any statement pursuant to Rule 50(c), the applicability of which was brought to their attention by the Court in its Order calendaring respondent's motion for hearing.

Following the hearing, the Court directed respondent to file a supplement to his motion to dismiss addressing the question whether section 7508A, or any public notices issued pursuant to that section after September 11, 2001, would provide relief to petitioners with regard to the timeliness of their petition. Respondent complied with the Court's Order and filed a supplement to his motion, asserting that petitioners are not eligible for relief under section 7508A with regard to the petition filed in this case.

This matter was called for further hearing at the Court's motions session held in Washington, D.C., on May 8, 2002. Counsel for respondent appeared at the hearing and offered

argument in support of the motion to dismiss, as supplemented. In particular, counsel argued that petitioners are not entitled to relief under section 7508A and that the petition in this case should be dismissed on the ground that it was not timely filed. There was no appearance by or on behalf of petitioners at the hearing, nor did petitioners file any statement pursuant to Rule 50(c). However, after the hearing, petitioners filed an objection to respondent's motion in which they state that the petition mailed to the Court on September 15, 2001, was sent by regular, first-class mail and that they are therefore unable to provide the Court with documentary proof of mailing.

## Discussion

The Tax Court is a court of limited jurisdiction. The Court's jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a

person outside of the United States) from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

Section 7502(a), the so-called timely mailing/timely filing rule, provides that, in certain circumstances, a timely mailed petition will be treated as though it were timely filed. Section 7502(a)(2) provides that the timely mailing/timely filing rule applies only if the postmark date on an envelope falls within the prescribed period on or before the prescribed date.

Petitioners did not challenge the validity of the notice of deficiency. We observe that the notice was mailed to petitioners at two separate addresses and that a copy of the notice was sent to petitioners' authorized representative. Accordingly, it appears that the notice was mailed to petitioners at their last known address. See sec. 6212(b)(1). Under the circumstances, the issue for decision is whether the petition was timely filed.

The record in this case demonstrates that the petition was not filed within the 90-day period prescribed in section 6213(a). The record shows that respondent mailed the notice of deficiency to petitioners on July 6, 2001. Consequently, the 90-day filing period expired on Thursday, October 4, 2001--a date that was not a legal holiday in the District of Columbia. The petition was received and filed by the Court on October 10, 2001, 6 days after the expiration of the 90-day period. Moreover, the petition was

dated October 5, 2001, and it arrived at the Court in an envelope bearing both a U.S. Postal Service postmark date and a private postmeter postmark date of October 5, 2001--a date that was 91 days after the mailing of the notice of deficiency. It follows that the petition was neither mailed to the Court nor filed within the 90-day filing period prescribed in section 6213(a) or section 7502(a).

The only remaining question is whether petitioners are entitled to relief because of the events of September 11, 2001. Section 7508A, titled "Authority To Postpone Certain Tax-Related Deadlines By Reason Of Presidentially Declared Disaster", provides in pertinent part:

> SEC. 7508A(a). In General.--In the case of a taxpayer determined by the Secretary to be affected by a Presidentially declared disaster (as defined by section 1033(h)(3)), the Secretary may prescribe regulations under which a period of up to 120 days may be disregarded in determining, under the internal revenue laws, in respect of any tax liability (including any penalty, additional amount, or addition to the tax) of such taxpayer--
>
> > (1) whether any of the acts described in paragraph (1) of section 7508(a) were performed within the time prescribed therefor * * *.[5]

---

[5] Sec. 7508A was amended by the Victims of Terrorism Tax Relief Act of 2001, Pub. L. 107-134, sec. 112(a), 115 Stat. 2427, 2433. The amendment confers authority to postpone certain deadlines by reason of terroristic or military actions and extends the period that may be disregarded from 120 days to 1 year. The amendment applies to disasters and terroristic or military actions occurring on or after Sept. 11, 2001, with respect to any action of the Secretary of the Treasury, the Secretary of Labor, or the Pension Benefit Guaranty Corp.

(continued...)

Section 7508(a)(1)(C) and (K) lists "Filing a petition with the Tax Court for redetermination of a deficiency" and "Any other act required or permitted under the internal revenue laws specified in regulations prescribed under this section by the Secretary", respectively, as acts with regard to which the Secretary may postpone the time for performance.[6]  Regarding acts contemplated by section 7508(a)(1)(K), section 301.7508-1(a), Proced. & Admin. Regs., provides that the period of time that may be disregarded applies to acts specified in a revenue ruling, revenue procedure, notice, or other guidance published in the Internal Revenue Bulletin.

Section 301.7508A-1(c)(1), Proced. & Admin. Regs., lists the acts performed by "affected taxpayers" the time for the performance of which may be postponed.  Included within this list of acts are "Filing a petition with the Tax Court" and "Any other act specified in a revenue ruling, revenue procedure, notice, announcement, news release, or other guidance published in the Internal Revenue Bulletin".  Sec. 301.7508A-1(c)(1)(iv), (vii), Proced. & Admin. Regs.

_____

[5](...continued)
occurring on or after Jan. 23, 2002.  Id. sec. 112(f), 115 Stat. 2435.

[6]  Section 7508(a)(1)(K) was amended by the Victims of Terrorism Tax Relief Act of 2001, Pub. L. 107-134, sec. 112(b), 115 Stat. 2427, 2434, by striking the phrase "in regulations prescribed under this section".  The amendment applies as described supra note 5.

Section 301.7508A-1(d)(1), Proced. & Admin. Regs., defines seven categories of "affected taxpayers" for purposes of section 301.7508A-1(c)(1), Proced. & Admin. Regs. Included among these categories are any individual whose principal residence or principal place of business is located in a covered disaster area, a relief worker who is assisting in a covered disaster area, any individual whose principal residence or principal place of business is not located in a covered disaster area but whose tax records are maintained in such an area, and the spouse of an affected taxpayer (but solely with regard to a joint return). A "covered" disaster area means a Presidentially declared disaster area to which the IRS has determined that relief under section 7508A applies. Sec. 301.7508A-1(d)(2), Proced. & Admin. Regs. Finally, section 301.7508A-1(e), Proced. & Admin. Regs., provides as follows:

> (e) Notice of postponement of certain acts. If any tax-related deadline is postponed under section 7508A and this section, the IRS will publish a revenue ruling, revenue procedure, notice, announcement, news release, or other guidance published in the Internal Revenue Bulletin * * * describing the acts postponed, the number of days disregarded with respect to each act, the time period to which the postponement applies, and the location of the covered disaster area. Guidance under this paragraph (e) will be published as soon as practicable after the declaration of a Presidentially declared disaster.

Following the events of September 11, 2001, the Commissioner promptly issued a series of Notices announcing the relief available to taxpayers affected by the terrorist attacks.

Notice 2001-61

In Notice 2001-61, 2001-40 I.R.B. 305, released September 15, 2001, the Commissioner announced relief under section 7508A, section 6081 (providing for extensions of time for filing returns), and section 6161 (providing for extension of time for paying tax) for taxpayers affected by the terrorist attacks on September 11, 2001. The Notice acknowledges that President George W. Bush declared five New York counties and Arlington County, Virginia, as Federal disaster areas. As a result, those areas qualified as "covered disaster areas" and taxpayers residing in those areas qualified as "affected taxpayers" under section 7508A. Notice 2001-61 states that the Commissioner determined that other specified taxpayers would be considered affected taxpayers, regardless of where they resided, including victims of the crashed airliners, relief workers assisting in a covered disaster area or in Pennsylvania, and taxpayers whose place of employment was located in the declared disaster areas.

Notice 2001-61 grants six particular types of relief. In particular, the notice grants a 120-day postponement of time to "affected taxpayers" to perform the acts (other than those specifically addressed in the notice) described in section 301.7508A-1(c)(1), Proced. & Admin. Regs., which acts specifically include the filing of a petition with the Tax Court. The postponement applies to acts required to be performed within

the period beginning on September 11, 2001, and ending on November 30, 2001.

Notice 2001-63

In Notice 2001-63, 2001-40 I.R.B. 308, released September 15, 2001, the Commissioner announced additional relief under sections 7508A, 6081, and 6161, for all taxpayers regardless of their location.  In particular, Notice 2001-63 states in pertinent part:

> The Internal Revenue Service has determined that the due date for all federal tax obligations falling between September 10, 2001, and September 24, 2001, is postponed to September 24, 2001.  This postponement of time covers the filing of returns and claims for refund, the payment of tax (including estimated tax payments), making elections, and filing any other Federal tax documents.  The postponement does not apply to deposits of federal taxes. * * * [Emphasis added.]

Notice 2001-68

Finally, in Notice 2001-68, 2001-47 I.R.B. 504, released November 10, 2001, the Commissioner announced additional relief to supplement the relief granted in Notice 2001-61.  As relevant, Notice 2001-68 states in pertinent part:

> C. ADDITIONAL GRANT OF RELIEF
>
> *       *       *       *       *       *       *
>
> (2)  Under paragraph (4) of the Grant of Relief section of Notice 2001-61, the IRS granted to all affected taxpayers a 120-day postponement of time to perform the acts described in section 301.7508A-1(c)(1), [Proced. & Admin. Regs.,] if the last day to perform the act fell within the period beginning on September 11, 2001, and ending on November 30, 2001.  One of these acts is the filing of any Tax Court petition.  Under this notice,

> the relief provided by paragraph 4 is expanded as follows. If the last date for filing any Tax Court petition would otherwise be on or after December 1, 2001, and on or before December 31, 2001, the last date for filing the petition is postponed by 60 days under section 7508A.

In short, Notice 2001-68 expanded the period during which an affected taxpayer would be permitted to file a petition with the Court.

Based upon our review of section 7508A, section 301.7508A-1, Proced. & Admin. Regs., and Notices 2001-61, 2001-63, and 2001-68, we conclude that petitioners are not entitled to relief with regard to the late-filed petition in this case. Petitioners, who are residents of southern California, have not alleged or shown that they are "affected taxpayers" within the meaning of section 301.7508A-1(d)(1)(i)-(vi), Proced. & Admin. Regs., or Notices 2001-61 and 2001-68. Moreover, the generic relief extended to all taxpayers in Notice 2001-63, see section 301.7508A-1(d)(1)(vii), Proced. & Admin. Regs., is of no benefit to petitioners. The latter Notice states that the deadline for all Federal tax obligations falling between September 10, 2001, and September 24, 2001, is postponed to September 24, 2001. Because the deadline for filing a timely petition in this case expired on October 4, 2001, it follows that such deadline is not postponed under Notice 2001-63.

Consistent with the preceding discussion, we shall grant respondent's motion to dismiss for lack of jurisdiction, as supplemented.

To reflect the foregoing,

An order will be entered granting respondent's motion to dismiss for lack of jurisdiction as supplemented.