T.C. Summary Opinion 2010-23

UNITED STATES TAX COURT

CLYDE THEODORE MOORE, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30097-07S.                    Filed March 1, 2010.

Clyde Theodore Moore, Jr., pro se.

Mary K. McIlyar, for respondent.

ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $5,062 deficiency in petitioner's 2005 Federal income tax and a $958 accuracy-related penalty pursuant to section 6662. After concessions,[2] the issue for decision is whether petitioner is liable for a deficiency in income tax in an amount greater than the amount of tax he would have owed had he filed his 2005 Federal income tax return correctly. We hold that he is.

### Background

None of the facts have been stipulated by the parties. Petitioner resided in the State of Texas when the petition was filed.

In 2005 petitioner retired from the Air Force and received pension income of $29,935 during that year. Petitioner did not receive a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., until sometime in 2009. Petitioner did not report any of

---

[2] Petitioner conceded that he received $29,935 of unreported taxable pension income. Respondent conceded that an additional amount of pension income received by petitioner in 2005 was not taxable and that petitioner is not liable for the accuracy-related penalty under sec. 6662(a). In addition, respondent acknowledged that petitioner is entitled to an additional $273 withholding credit; however, we note that the determination of a statutory deficiency does not take such withheld amount into account. See sec. 6211(b)(1).

this pension income on his tax return for 2005 but concedes that the pension income should have been included on his return.

On his 2005 Form 1040, U.S. Individual Income Tax Return, after allowing for deductions and exemptions, but not the earned income credit (EIC), petitioner reported a tax of $908. Petitioner then claimed both prepayment of $2,705 through taxes withheld on his wages and an EIC of $696; thus, petitioner's tax return reported a total tax of $212 and claimed an overpayment of $2,493 (i.e., $2,705 - $212).

Petitioner elected to have the overpayment applied to his 2006 estimated tax. However, respondent credited the overpayment against petitioner's outstanding Federal income tax liability for 2001 pursuant to the section 6402 setoff procedures.[3]

In a notice of deficiency respondent determined a deficiency in petitioner's Federal income tax for 2005. Respondent's deficiency was principally attributable to petitioner's failure to report pension income of $29,935. If petitioner had included the pension income on his Form 1040, and giving effect to respondent's concessions, the form would have shown a total tax of $5,109, withholdings of $2,978 (which amount reflects an

_____

[3] At trial petitioner stated that the 2001 Federal income tax liability was a result of identity theft, but petitioner did not offer any testimony or evidence supporting this statement. Furthermore, this Court lacks jurisdiction to decide issues regarding the 2001 tax year because that year is not currently before the Court. See sec. 7442; see also sec. 6512(b)(4); cf. sec. 6214(b).

additional $273 as conceded by respondent), and no EIC, for an amount owed by petitioner of $2,131.[4]

## Discussion[5]

The parties do not dispute that petitioner received unreported pension income of $29,935 in 2005 and that respondent issued a valid statutory notice of deficiency which notice prompted petitioner's petition to this Court. Therefore, we have jurisdiction to redetermine the deficiency. See secs. 6212, 6213; Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

As we understand his argument, petitioner contends that the amount of the deficiency should be the amount of tax he would have owed had he filed his 2005 Federal income tax return correctly by including the unreported pension income, namely $2,131. Respondent contends that the deficiency includes not only the amount of tax petitioner would have owed on a correctly filed tax return, but also the amount of the overpayment petitioner claimed, and received the benefit of, on the tax return actually filed.

---

[4] The record includes as petitioner's exhibit a revised Form 1040 with handwritten notations and the parties' initials. The revised Form 1040 shows a total tax liability of $5,109, withholdings of $2,978, no EIC, and an amount owed of $2,131.

[5] We need not decide whether sec. 7491, concerning burden of proof, applies to the present case because the facts are not in dispute and the issue is one of law. See Higbee v. Commissioner, 116 T.C. 438 (2001).

Section 6211(a) defines the term "deficiency" as the amount by which the tax imposed exceeds the excess of--

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over--

(2) the amount of rebates, as defined in subsection (b)(2), made.

Under this formula the deficiency is determined by comparing the tax imposed to:  (1) The tax shown on the return; (2) amounts previously assessed as a deficiency; and (3) any rebates made. Giving effect to the parties' concessions, the tax imposed is $5,109 with the inclusion of the pension income of $29,935 and no EIC.[6]  The tax shown on petitioner's filed Form 1040 is $212; this amount is arrived at by taking the total tax of $908 on line 63 of the Form 1040 less the claimed EIC of $696 on line 66a of the Form 1040.  For 2005, the amounts previously assessed as a deficiency are zero and no rebates were made.[7]

---

[6]  There appears to be no dispute that petitioner is not entitled to the EIC and, therefore, the EIC claimed by petitioner on his return is subject to recapture.

[7]  The overpayment claimed by petitioner on his return as filed, i.e., $2,493, which respondent set off against petitioner's outstanding liability for 2001 did not constitute a rebate.  See sec. 6211(b)(2); sec. 301.6211-1(f), Proced. & Admin. Regs.

The sum of tax shown on petitioner's return ($212) plus amounts previously assessed as a deficiency (zero) is $212. Because the tax imposed ($5,109) exceeds $212, there is a deficiency of $4,897.[8]  The tax imposed and the tax shown are determined without regard to prepayment through withholding.  See sec. 6211(b)(1).  Respondent has conceded that petitioner is entitled to an additional withholding credit of $273; thus, the economic effect of the deficiency is an out-of-pocket tax liability of $4,624 (i.e., $4,897 - $273).

Petitioner's contention that the amount of his deficiency should be the amount of tax he would have owed had he filed his Form 1040 correctly is misplaced.  His position does not take into account the claimed overpayment of $2,493, which the Commissioner previously credited against his outstanding 2001 Federal income tax liability, thereby reducing that liability pro tanto.

Section 6402(a) authorizes the Commissioner to credit overpayments against any income tax liability of the taxpayer. See sec. 301.6402-1, Proced. & Admin. Regs. (authorizing the Commissioner to credit an overpayment of tax against any

_____

[8]  The Court notes that the notice of deficiency determined a deficiency of $5,062, which amount does not take into account respondent's concessions referred to herein.  In addition, respondent's pretrial memorandum and argument at trial refer to a deficiency of $4,229, which amount remains unexplained in the record.

outstanding liability that the taxpayer may owe). Petitioner's Form 1040 claimed an overpayment of tax as a result of withholding and an EIC, which together exceeded the amount of tax shown to be due by petitioner on his return. Respondent credited that overpayment against petitioner's outstanding Federal income tax liability for 2001. This procedure is authorized by statute and regulations and is typically followed when withholding exceeds the amount of tax shown to be due by the taxpayer on the return. This procedure of refunding a claimed overpayment before an audit of a return is for the benefit of the taxpayer, as an audit may not commence for more than a year and then last for several months. See sec. 301.6402-4, Proced. & Admin. Regs.

Petitioner's confusion with respect to the bottom line in terms of his Form 1040 is understandable; however, he received economic benefit when the claimed overpayment was credited to his outstanding 2001 Federal income tax liability. As a result, the amount of petitioner's deficiency is not simply what he would have owed had filed his 2005 Federal income tax return correctly reporting the $29,935 of pension income.

### Conclusion

We have considered all of the arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude that they do not support a holding contrary to that reached herein.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
